ON MOTION FOR REHEARING
PER CURIAM.
Pursuant to State v. Jackson, 478 So.2d 1054 (Fla.1985), which held that a trial judge must state in writing reasons for any departure from the guidelines, we grant appellant’s motion for rehearing, withdraw our decision filed September 20, 1985, and substitute the following:
Appellant pled guilty to charges of violating his probation and trafficking in cocaine and elected to be sentenced under the guidelines. § 921.001, Fla.Stat. (1983); Fla.R.Crim.P. 3.701. Appellant’s recommended guidelines sentence was a five and one-half to seven year state prison term. The trial court accepted the pleas and sentenced appellant to the maximum statutory penalty, consecutive sentences of fifteen and thirty years, respectively. The trial court also requested the state to “prepare a written order citing the reasons for my departure from the guidelines.” The state prepared a written order as requested but the trial court held that the order was unsatisfactory and ordered another. No written order was thereafter entered by the trial court.
In State v. Jackson our supreme court recently held that a transcript of the oral statements made by the judge during sentencing cannot justify departure because it cannot satisfy the statutes and rules which “clearly mandate that a trial judge state in writing reasons for any departure from the guidelines.” Accordingly, because there is no appropriate written order delineating the court’s reasons for departure, the trial court failed to comply with Florida Rule of Criminal Procedure 3.701(d)(ll). Therefore we reverse appellant’s sentences and re *124 mand this cause for resentencing under the current guidelines. Should the trial court again decide to depart, it must promptly reduce to writing in a separate document its reasons justifying departure so as not to prejudice in any way appellant’s right of review. See Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985), approved, 478 So.2d 351 (Fla.1985). To obtain further review, any aggrieved party must appeal the new ruling of the trial court.
In light of our disposition, we do not reach the other issues raised by appellant. Nevertheless, we deem it appropriate to observe that his challenge to the facial constitutionality of the sentencing guidelines statute, section 921.001(4)(a), Florida Statutes (1983), must fail. Hayward v. State, 467 So.2d 462 (Fla. 2d DCA 1985).
SCHEB, A.C.J., and DANAHY and CAMPBELL, JJ., concur.