482 So.2d 561 (1986)
Camilo DORADO, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2612.
District Court of Appeal of Florida, Second District.
February 5, 1986.
Camilo Dorado, pro se.
*562 Jim Smith, Atty. Gen., Tallahassee and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant was convicted of trafficking in cocaine and possession of a firearm during the commission of a felony. Appellant pled nolo contendere to an additional charge of felon in possession of a firearm. He was sentenced to thirty years and fined $50,000 on the trafficking charge and was sentenced fifteen years each on the other two charges.
On appeal, appellant argues that the trial court erred in not submitting written reasons for its departure from the recommended guideline sentence. We agree.
Written reasons are required when a trial court departs from the guidelines. State v. Jackson, 478 So.2d 1054 (Fla. 1985). A transcript of oral statements made by the trial judge during sentencing is not sufficient to justify departure from the guidelines. Fernquist v. State, 480 So.2d 123 (Fla. 2d DCA 1985). A review of the record in the instant case reveals that no written reasons for departure were prepared. The judge dictated his reasons into the record, however, this is not sufficient to justify departure.
Additionally, based upon the holding in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), we find that the trial court erred in relying on appellant's prior convictions as a clear and convincing reason for departure. After reviewing the record, however, we feel that the trial court did espouse valid reasons for departure, including: (1) appellant's background of extensive criminal activity, to wit: delivery of marijuana, possession of marijuana, uttering a forged instrument, aggravated battery, several violations of probation  indicating an escalating pattern of more serious crimes, see Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985); and (2) the failure of previous attempts to rehabilitate appellant. Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985).
Recognizing the supreme court's holding in Albritton v. State, 476 So.2d 158 (Fla. 1985), we cannot determine that the departure sentence would have been the same had the trial court disregarded appellant's past convictions. Accordingly, based upon the trial court's failure to give written reasons for its departure from the guidelines and its reliance on appellant's prior convictions in departing, we reverse and remand for resentencing and, if departure is again considered, a separate written order delineating the reasons must be entered.
SCHOONOVER and LEHAN, JJ., concur.