CAMPBELL, Judge.
Appellant appeals from the trial court’s imposition of a sentence enhanced beyond the guideline range. We affirm.
Appellant was charged by a two-count information with residential burglary and grand theft. The presumptive range recommended pursuant to the sentencing guidelines was community control or twelve to thirty months incarceration. The trial court departed more than one cell from the recommended guideline sentence and sentenced appellant to fifteen years imprisonment on the burglary charge and to five years imprisonment on the grand theft charge to run concurrently. The court’s reasons for departure were as follows:
1. Second probation violation within six months indicating an unwillingness on the part of the defendant to obey the law.
2. Defendant showed disregard for the rights of others and utter contempt in the manner in which he burglarized the house.
It is proper for a trial court to depart from the sentencing guidelines more than one cell based upon a defendant’s second violation of probation. Dorado v. State, 482 So.2d 561 (Fla. 2d DCA 1986); Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985); Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985). Accordingly, reason one for departure is valid.
Additionally, particular facts and circumstances relating to an offense at issue and the nature of the offense are clear and convincing reasons for departure. Keys v. State, 473 So.2d 800 (Fla. 5th DCA 1985); Morales v. State, 471 So.2d 625 (Fla. 2d DCA 1985); McGouirk v. State, 470 *83 So.2d 31 (Fla. 1st DCA 1985); Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1985). A review of the record in the instant case indicates that the trial court was justified in noting the outrageous and contemptible manner in which the burglary was committed. Therefore, reason two is also a valid reason for departing from the guidelines.
Based on the foregoing, we affirm the judgment and sentence entered herein.
LEHAN and SANDERLIN, JJ., concur.