501 So.2d 1285 (1986)
Marvin Raymond BALLARD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-455.
District Court of Appeal of Florida, Fourth District.
May 21, 1986.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This court previously relinquished jurisdiction and remanded the case to the trial court for thirty days with directions to put in writing the reasons the court departed from the sentencing guidelines. The state has supplemented the record with the trial court's order of December 3, 1985, delineating reasons for departure from the guidelines sentence. We hold that this order complies with the dictates of Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985); affirmed State v. Boynton, 478 So.2d 351 (Fla. 1985). In addition, the reasons set forth as grounds for departure from the sentencing guidelines, Ballard's escalating pattern of more serious offenses and his unamenability to rehabilitation, are clear and convincing reasons for departure. We find that the above reasons do not represent the type of "double" consideration of prior offenses prohibited by Hendrix v. State, 475 So.2d 1218 (Fla. 1985), since it is not the prior offenses themselves that are considered but rather the pattern of escalating criminality discernible from them and the evidence that appellant is unamendable to rehabilitation through the probation process. See Dorado v. State, 482 So.2d 561 (Fla. 2d DCA 1986); Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985); Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985); Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984). But see Battles v. State, 482 So.2d 540 (Fla. 3d DCA 1986); Smith v. State, 479 So.2d 804 (Fla. 1st DCA 1985).
Accordingly, the sentence entered by the trial court is hereby affirmed.
DOWNEY and LETTS, JJ., concur.
HURLEY, DANIEL T.K., Associate Judge, dissents with opinion.
HURLEY, Judge, dissenting.
In my view, neither of the reasons stated by the trial court constitutes a clear and convincing reason to depart from the sentencing guidelines. On the contrary, I submit that both reasons violate the general rule which holds that a trial court may not depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
*1286 The trial court's first reason was the "continuing pattern of increasing serious offenses." The scoresheet, however, reveals that the trial court factored in both the number and the seriousness of prior convictions when it computed the presumptive sentence. Thus, under the Hendrix rule, the trial court should be precluded from placing a new tag on an old factor and counting it a second time.
The same holds true for the trial court's second reason: "The defendant's poor performance on probation and his inability to [achieve] rehabilitation." If, by "poor performance," the trial court is referring to the fact that the defendant violated his probation, the trial court factored that in when it increased the presumptive sentence by one cell pursuant to Rule 3.701(d)(15), Fla.R.Crim.P. On the other hand, if "poor performance" is a veiled reference to the criminal act which triggered the probation violation, that act cannot be factored in because the defendant has not been tried and convicted. Accordingly, I respectfully dissent.