ORFINGER, Judge.
This is another appeal from a guidelines departure sentence.
Defendant was on probation when he committed several other crimes. After accepting defendant’s negotiated guilty plea to the probation violation as well as to certain of the later charges, the trial court departed from the recommended sentence of community control or 12-30 months’ incarceration and sentenced appellant to concurrent sentences of 4V2 years, a two cell increase. The written reason for departure was:
Violation of Probation; defendant’s drug problem which hasn’t been treated and time provided in 2nd cell is not sufficient for treatment.
Because of the revocation of probation, the trial court could have increased the presumptive sentence by one cell without stating reasons for departure, Fla.R. Crim.P. 3.701 d.14, but for an increase beyond that, other clear and convincing reasons are required. Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). We have previously held that a defendant’s drug problem is an insufficient reason for an upward departure because “there is no logical correlation between appellant’s need for medical treatment and an extended term of imprisonment in the state correctional system.” Vance v. State, 475 So.2d 1362 (Fla. 5th DCA 1985). That principle applies here.
A one cell increase, permitted because of revocation of probation, would place the recommended sentence at 2½ to 3½ years, long enough for defendant to complete the course of treatment to which the judge alluded at the sentencing hearing and in the written reasons for departure.
Accordingly, the sentences are vacated and the cause is remanded for resentencing in accordance with the guidelines, unless clear and convincing reasons for departure are stated.
SENTENCE VACATED; REMANDED.
UPCHURCH and SHARP, JJ., concur.