504 So.2d 548 (1987)
Alan Andrew ABT, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1003.
District Court of Appeal of Florida, Fourth District.
April 1, 1987.
Rehearing Denied April 22, 1987.
*549 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Michael W. Baker, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The defendant appeals from a conviction and sentence for residential burglary, robbery with a firearm, and carrying a firearm during a felony. We affirm defendant's conviction, but reverse as to sentencing. The state had in its possession two guns found in defendant's luggage during a disputed inventory search. The state did not introduce this evidence during its case in chief, but sought to introduce the guns in rebuttal after the defendant had testified. The defendant's motion to suppress was denied and the guns were admitted. We need not address the issues raised by the motion to suppress.
The guns were admissible in rebuttal as impeachment evidence. In United States v. Havens, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980), a shirt, obtained in the course of an unlawful search, was admitted into evidence as impeachment in response to the defendant's denials on the stand. See also United States v. Grubbs, 776 F.2d 1281 (5th Cir.1985). In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court noted the many recognized exceptions to the exclusionary rule, and commented that "evidence obtained in violation of the Fourth Amendment and inadmissible in the prosecution's case in chief may be used to impeach a defendant's direct testimony," and that such evidence "may be used to impeach statements made by a defendant in response to proper cross-examination... ." Leon, 468 U.S. at 910, 104 S.Ct. at 3414, 82 L.Ed.2d at 690.
Defendant also contends that the evidence was irrelevant. The guns became relevant when the defendant denied their existence. Any error in admitting the guns as indirect evidence that guns were used in the robbery was harmless. See Newman v. State, 196 So.2d 897 (Fla. 1967). The evidence against the defendant was overwhelming; he was identified by the victims, he was found driving their car, and was in possession of the victim's wallet and driver's license when he was apprehended.
Appellant also objects to a comment made by the state in final argument. The statement referred to matters in evidence, but even if there was error in permitting the statement, the error was harmless. State v. Murray, 443 So.2d 955 (Fla. 1984). Therefore with respect to the foregoing issues, we affirm defendant's conviction.
The trial court departed from the sentencing guidelines in sentencing appellant to twenty-five years state prison, submitting the following reasons for aggravating the sentence:
1. The Defendant was convicted by a jury of two (2) counts of Armed Robbery, one (1) count of Armed Burglary and one (1) count of Possession of a Weapon during the course of a felony. Defendant was on escape status from extended confinement in the state system at the time of these offenses.

*550 2. His past indicates a history of criminal activity of an increasing serious nature. He has graduated from property crimes to crimes involving the threat of armed violence.
3. These crimes have increased in their severity and sophistication. The infliction of intentional emotional trauma of this magnitude to the victims must be severely sanctioned.
4. The instant case involves a purposeful night time intrusion into an occupied residence while armed. His purpose being to terrorize the occupants by threat of violence into handing over their possessions. The intentional nature of the crime demands a departure from the guidelines to punish the defendant and to set an example to the public.
5. The defendant's history indicates failures in the juvenile and adult system. Neither probation, community control, prison nor rehabilitation drug programs have deterred or rehabilitated this person.
The first reason for departure is invalid. See Hannah v. State, 480 So.2d 718 (Fla. 4th DCA 1986).
Reason number two and the first part of reason number three are essentially the same. A history of crimes committed in an escalating pattern in nature and severity can be a valid basis to deviate. See, e.g., Ballard v. State, 501 So.2d 1285 (Fla. 4th DCA 1986); Pittman v. State, 492 So.2d 741 (Fla. 1st DCA 1986). We have considered Williams v. State, 492 So.2d 1308 (Fla. 1986), and do not interpret it as applicable to an escalating pattern of conduct, a factor which has not been previously scored.
Although point three can be a valid basis for aggravating, Hankey v. State, 485 So.2d 827 (Fla. 1986), the state has failed to sustain its burden. See Grant v. State, 11 F.L.W. 2084 (Fla. 4th DCA Oct. 1, 1986), on motion for rehearing, 12 F.L.W. 236 (Fla. 4th DCA Jan. 7, 1987); Campos v. State, 11 F.L.W. 1080 (Fla. 4th DCA May 7, 1986); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA), rev. denied, 476 So.2d 675 (Fla. 1985). See also State v. Cote, 487 So.2d 1039 (Fla. 1986); Snead v. State, 504 So.2d 550 (Fla. 4th DCA 1987). The fourth reason is invalid. State v. Mischler, 488 So.2d 523 (Fla. 1986); State v. Cote, 487 So.2d at 1039; Williams, 492 So.2d at 1308; Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986). The fifth reason is also invalid. Williams, 492 So.2d at 1308; Scurry v. State, 489 So.2d 25 (Fla. 1986).
We therefore affirm defendant's conviction but reverse and remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
DOWNEY and WALDEN, JJ., concur.