522 So.2d 850 (1987)
Johnny Lee ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1650.
District Court of Appeal of Florida, Fourth District.
June 17, 1987.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant appellee's motion for rehearing and substitute the following corrected opinion:
The defendant appeals his sentence to twenty-five years in prison and 50.3 hours of community service for robbery with use *851 of a deadly weapon and battery, and contends that the trial court erred in departing from the recommended guideline sentence of seven to nine years in prison.
The trial court's written reasons for departure were:
a. The Defendant utilized unnecessary and excessive force when committing this offense.
b. The Defendant caused extreme psychological and emotional trauma to the victim as a result of being left a quadriplegic.
c. The Defendant deprived the victim of his livelihood causing him to have severe financial hardships. The victim is now completely disabled and dependent on social security.
d. The Defendant struck the victim while he was asleep and therefore particularly vulnerable.
e. The Defendant's actions have caused severe economic, physical, and mental hardships on the victim's family who must tend to his every need.
f. The Defendant has served a prior prison term and does not appear to be capable of being rehabilitated.
g. The Defendant is a cocaine addict who supplied his habit from the robbery proceeds.
First, written reasons a. through f. are valid reasons for departure from the recommended guideline sentence: Harris v. State, 482 So.2d 548, 549 (Fla. 4th DCA 1986) (excessive use of force is valid reason for departure); Head v. State, 473 So.2d 18, 19 (Fla. 3d DCA 1985), approved, 485 So.2d 1285 (Fla. 1986) (psychological impact on crime victim of being paralyzed as a result of defendant's act is a valid reason for departure); although economic hardship on victim can never constitute valid reason for departure, Hankey v. State, 485 So.2d 827, 828 (Fla. 1986), loss of livelihood as a result of injury from act of defendant is valid reason for departure; although injury inflicted upon sleeping victim as a factor alone is not valid reason for departure, in this case, there are other factors supporting departure; although emotional and financial suffering of victim's family is not valid reason for departure in murder or sexual battery crimes, Carter v. State, 485 So.2d 1292, 1295 (Fla. 4th DCA), rev. denied, 494 So.2d 1149 (Fla. 1986), Connell v. State, 502 So.2d 1272 (Fla. 2d DCA 1987), in this case the emotional hardship and destruction of the family unit are not inherent components of the crime of robbery, as they are in the crimes of murder and sexual battery, thus, it is a valid reason for departure; Leath v. State, 487 So.2d 384, 385 (Fla. 4th DCA 1986) (failure of attempts to rehabilitate is a valid reason for departure).
However, the defendant's cocaine addiction is not a valid reason for departure. Barbera v. State, 505 So.2d 413 (Fla. 1987); Bauza v. State, 491 So.2d 323 (Fla. 3d DCA 1986); Vickers v. State, 490 So.2d 231 (Fla. 5th DCA 1986); Degroat v. State, 489 So.2d 1163 (Fla. 5th DCA), rev. denied, 496 So.2d 142 (Fla. 1986). Furthermore, there is no evidence in the record to support the trial court's finding that the defendant supplied his cocaine habit from the robbery proceeds.
Since six out of the seven reasons for departure are valid, the state, in the instant case, has shown beyond a reasonable doubt that the trial judge would have departed from the recommended guideline sentence even without the invalid reason. Albritton v. State, 476 So.2d 158 (Fla. 1985).
Second, the trial court was correct in scoring twenty-one points for severe victim injury. However, on remand the trial court, at its discretion, may re-score victim injury taking into account the fact that the jury found the defendant not guilty of aggravated battery. The Florida Rules of Criminal Procedure 3.701(d)(7) provide that victim injury shall be scored when it is an element of any offense at conviction. Although victim injury is not an element of robbery with the use of a deadly weapon, Wright v. State, 487 So.2d 1176, 1177 (Fla. 1st DCA 1986), it is an element of battery. § 784.03(1)(b), Fla. Stat.
Third, the trial court erred in imposing community service pursuant to section *852 27.3455, Florida Statutes (1985). The offense committed by appellant occurred July 7, 1984, almost a year before the effective date of the statute, thus violating the prohibition against ex post facto laws. State v. Yost, 507 So.2d 1099 (Fla. 1987). In the instant case, we conclude the trial court improperly ordered community service in violation of the ex post facto laws.
REVERSED IN PART AND REMANDED FOR RESENTENCING.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.