512 So.2d 1085 (1987)
James REE, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0650.
District Court of Appeal of Florida, Fourth District.
September 16, 1987.
Rehearing Denied October 7, 1987.
*1086 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Amy L. Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This case concerns the trial court's departure from the sentencing guidelines.
Appellant pled nolo contendere to burglary, possession of burglary tools and criminal mischief. Adjudication was withheld and he was placed on two years' probation. Eight months later, an affidavit of violation of probation was filed, charging appellant with violating his probation by committing sexual batteries upon two female children.
A probation revocation hearing was held, after which the trial court revoked appellant's probation, adjudicated him guilty, and sentenced him to five years' imprisonment for burglary, five years' imprisonment for possession of burglary tools, and six months' imprisonment for criminal mischief, the sentences to run consecutively. The sentence was a six-cell departure from the sentencing guidelines. Five days after the sentencing hearing the trial judge signed a written order stating four reasons for his departure from the guidelines.
On appeal, appellant contends that all four reasons for departure were invalid. We conclude that the first reason (psychological and emotional trauma of the sexual battery victims) was valid, as constituting consideration of the circumstances forming the basis for the probation revocation. See Isgette v. State, 494 So.2d 534 (Fla. 4th DCA 1986); Rodriguez v. State, 464 So.2d 638 (Fla. 3d DCA 1985). The second reason (commission of crimes within eight months of being placed on two years' probation) is also valid. See Spivey v. State, 481 So.2d 100 (Fla. 3d DCA 1986). The state concedes, however, that the third reason was invalid; and although the fourth reason (trend toward criminality of increasing severity), could have been valid, Ballard v. State, 501 So.2d 1285 (Fla. 4th DCA), rev. denied, 488 So.2d 67 (Fla. 1986), it was not sufficiently supported by the evidence. Since the state has not shown beyond a reasonable doubt that the absence of the two invalid reasons for departure would not have affected the sentence, we must reverse and remand for resentencing. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
Appellant also argues that the extent of the departure from the guidelines was excessive. Since we do not know to what degree the two invalid reasons for departure affected the sentence, however, a review of the extent of the departure at this time would be premature.
Appellant further contends that the sentence must be reversed because the trial court's written order of departure was not contemporaneous with its pronouncement of sentence. We reluctantly agree. In State v. Oden, 478 So.2d 51 (Fla. 1985), the supreme court approved the first district's holding that "[i]t was reversible error for the trial court to depart from the guidelines without providing a contemporaneous written statement of the reasons therefore at the time each sentence was pronounced." (Emphasis added). See also Matthews v. State, 486 So.2d 47 (Fla. 5th DCA 1986); Elkins v. State, 489 So.2d 1222 (Fla. 5th DCA 1986).
We express agreement with Judge Sharp's reasoning in her special concurrence in Elkins, however, and certify the following question to the supreme court:
MUST A TRIAL COURT PRODUCE WRITTEN REASONS FOR DEPARTURE FROM THE SENTENCING GUIDELINES AT THE SENTENCING HEARING?
REVERSED AND REMANDED FOR RESENTENCING.
WALDEN and GUNTHER, JJ., concur.
HERSEY, C.J., concurs specially with opinion.
HERSEY, Chief Judge, concurring specially.
The requirement which was not met in this case is embodied in that portion of rule *1087 3.701 d.11., Florida Rules of Criminal Procedure, providing that any sentence outside the guidelines "must be accompanied by a written statement delineating the reasons for the departure." For one person or thing to be accompanied by other persons or things requires that the former and the latter occupy substantially the same or adjacent space at approximately the same time.
In Oden v. State, 463 So.2d 313, 314 (Fla. 1st DCA 1984), the court, in expressing this necessary relationship between sentencing and the publication of written reasons for departure, stated: "It was reversible error for the trial court to depart from the guidelines without providing a contemporaneous written statement of the reasons therefor at the time each sentence was pronounced. Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984)." The supreme court, in State v. Oden, 478 So.2d 51 (Fla. 1985), approved the decision of the district court and quoted but did not adopt the foregoing language. This has given rise to the question: when must the written statement be made available, the issue exemplified by such cases as Matthews v. State and Elkins v. State, supra. From both the practical and the logical points of view it is suggested that the answer ought to be that written reasons, supported by clear and convincing evidence made a matter of record at the sentencing hearing, should be filed and published with (at the same time as) the written sentencing document.