528 So.2d 112 (1988)
Alan Andrew ABT, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1715.
District Court of Appeal of Florida, Fourth District.
July 13, 1988.
Rehearing Denied July 28, 1988.
*113 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
EN BANC
Rehearing En Banc Denied July 28, 1988.
HERSEY, Chief Judge.
This is an appeal of a departure sentence reimposed after we remanded for resentencing in Abt v. State, 504 So.2d 548 (Fla. 4th DCA 1987). On remand the trial judge gave four reasons for his departure from the sentencing guidelines:
1. The score sheet indicates a sentence range of 12 to 17 years. The Defendant was serving a state prison sentence when the instant offense occured [sic]. He escaped in the month prior to this act. If he had been on probation, no written reason would be necessary to impose a one cell deviation to 22 years. If he had been recently released from prison or probation, this in and of itself, would be sufficient for a significant deviation in sentence. This court for the most clear and convincing reasons states a defendant on escape status who comits (sic) multiple felonies involving personal violence for the primary aim of his personal economic benefit is equally deserving of a sentence deviation as a probationer or recent parolee.
2. His past criminal history indicates this in (sic) his third Burglary conviction along with two Grand Thefts and one felony Battery. His criminal history has witnessed an increase not only in the severity of his criminal propensities, but also in the sophistication of his planning. The instant case concerns a planned Burglary of an occupied dwelling, Brooks v State, 487 So.2d 68, [Fla. 1st DCA 1986], occuring (sic) at night, Mather [Mathis] v State, 498 So.2d 647 648, whose aim was not to steal but to take by armed force, under disguise, properties of helpless victims, Davis v State, 458 So.2d 42 [Fla. 4th DCA 1984], Grant v State, 85-91 4th DCA 1-7-87 [510 So.2d 313 (Fla. 4th DCA 1987)], who were approached and attacked while asleep, Allen v State, 86-1650 4th DCA 4-15-87 [522 So.2d 850 (Fla. 4th DCA 1987)].
3. The terror this person committed on the victims was not inherent in the components of these crimes, Hannah v State, 480 So.2d 718 [Fla. 4th DCA 1986]. The Home Invasion Burglary is a relatively new phenomenon, it combines and expands upon the worst elements of Burglary and Robbery into a new, more dangerous and abhorent (sic) crime not envisioned by the creator of these guidelines. A lesser sentence would be odious and repugnant to our sense of justice and not commensurate with the seriousness of the crime.
4. This defendant has, by his acts and history, exhibited a flagrant disreguard (sic) for the criminal justice system. Adams v State, 483 So.2d 121 [Fla. 2nd DCA 1986]. He has been and is a threat to society. Middleton v. State, 489 So.2d 201 [Fla. 2nd DCA 1986]. The suggested guidelines sentence is insufficient for his rehabilitation or deterence (sic). Baldwin v State, 494 So.2d 503 [Fla. 4th DCA 1986]. The conduct and method of this HOME INVASION Burglary was so outrageous and contemptible in and of itself, so as to demand a deviation for these most clear and convincing of reasons, Roberge v State, 489 484 So.2d 82.
As we analyze the trial judge's reasons there are eight separate bases for departure:
1. Escape status of the appellant;
2. Escalating pattern of criminal conduct;
*114 3. Home Invasion Burglary as a new crime not envisioned by the creators of the sentencing guidelines;
4. Terror of the victims not inherent in the crime;
5. A lesser sentence would not be equal to the seriousness of the crime;
6. Flagrant disregard for criminal justice system;
7. Appellant as a threat to society; and
8. Sentence insufficient for rehabilitation or deterrence.
The first reason, escape status of appellant, was considered by this court and rejected as invalid in Abt, 504 So.2d at 550. This reason remains invalid. See also State v. Tyner, 506 So.2d 405 (Fla. 1987) (departure sentence may not be based on prior crime for which defendant has not been convicted); Hall v. State, 503 So.2d 1370 (Fla. 4th DCA 1987). Moreover, the reason appellant's escape status should not be used as a ground to depart is that, if proved, it should be scored separately in the sentence scoresheet as legal constraint at the time of the offense. See Fla.R. Crim.P. 3.701(b)(6).
The second reason, escalating pattern of criminal conduct, was considered by this court and found to be a valid reason for departure. Abt, 504 So.2d at 550. See also Ballard v. State, 501 So.2d 1285 (Fla. 4th DCA 1986).
The third reason for departure, that appellant committed a Home Invasion Burglary which is a new phenomenon not envisioned by the drafters of the sentencing guidelines, is invalid. This court previously considered and rejected the substance of this assertion. Abt, 504 So.2d at 550. See also State v. Mischler, 488 So.2d 523 (Fla. 1986); State v. Cote, 487 So.2d 1039 (Fla. 1986); Massard v. State, 501 So.2d 1289 (Fla. 4th DCA 1986), rev. dismissed, 504 So.2d 403 (Fla. 1987).
Reasons 4, 5, 6 and 7 are new reasons given by the trial judge. In Shull v. Dugger, 515 So.2d 748, 750 (Fla. 1987), the supreme court held that "a trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court." Applying this to the instant case requires us to disregard the additional reasons.
With regard to the last reason, that the sentence is insufficient for rehabilitation or deterrence, Scott v. State, 508 So.2d 335 (Fla. 1987), held that a trial court's written finding that a recommended guidelines sentence is insufficient may never serve as a reason for departure.
We are left then to consider reasons 1, 2 and 3, of which only the second is valid. Under Albritton v. State, 476 So.2d 158 (Fla. 1985), the inquiry at this point would be whether the state has shown beyond a reasonable doubt that absent the two invalid reasons, the departure sentence imposed by the trial court would have been the same. However, section 921.001(5), Florida Statutes (1987), effective July 1, 1987, provides in pertinent part:
The extent of departure from a guideline sentence shall not be subject to appellate review. A departure sentence shall be based upon circumstances or factors which reasonably justify the aggravation or mitigation of the sentence. The level of proof necessary to establish facts supporting a departure from a sentence under the guidelines is a preponderance of the evidence. When multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other circumstances or factors found not to justify departure.
(Emphasis added.) This statute clearly abrogates Albritton. The question, however, is whether the statute may be applied to cases, such as this, in which the crime was committed prior to the effective date of the statute. The supreme court has not squarely addressed the question. In Booker v. State, 514 So.2d 1079 (Fla. 1987), the supreme court held that the portion of section 921.001(5) providing that the extent of departure from a guideline sentence shall not be subject to appellate review, could *115 not be applied retroactively to crimes committed before the effective date of the amendment. In a footnote, the court pointed out that its holding was limited to the narrow issue of the extent of departure from a guidelines sentence within the statutory maximum and did not involve appellate review of claims based upon other grounds. In Ochoa v. State, 509 So.2d 1115 (Fla. 1987), the supreme court noted the legislative amendment with regard to extent of departure but, finding no valid reasons for departure, declined to address the issue of whether the legislature was unconstitutionally restricting appellate review.
In Griffis v. State, 509 So.2d 1104, 1105 (Fla. 1987), and in Anthony v. State, 524 So.2d 655, 657, n. 3 (Fla. 1988), the supreme court, in rather cryptic footnotes, stated its disinclination to decide the effect of section 921.001(5) on cases involving crimes committed after the effective date of the amendment. In subsequent departure sentence decisions, the supreme court has continued to apply the Albritton standard.
The district courts are in conflict on the issue. The first district in Felts v. State, 13 F.L.W. 205 (Fla. 1st DCA Jan. 14, 1988), engaged in a lengthy analysis of amended section 921.001(5) and held, relying on language in Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), to the effect that the ex post facto prohibition does not restrict legislative control of remedies and modes of procedure which do not affect matters of substance, even when the law acts to the defendant's detriment, that there was no ex post facto problem because the effect of the changes in section 921.001(5) was procedural in nature. See also Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977) (change in the procedure by which the penalty in a capital case was implemented was not a change in the penalty itself).
By contrast, the third district, while acknowledging Felts, held in State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988), that application of the amended statute to crimes committed before the law's effective date would violate constitutional ex post facto prohibitions, viewing the changes in section 921.001(5) as substantive changes in the law. See also McGriff v. State, 528 So.2d 396 (Fla. 3d DCA 1988); Williams v. State, 13 F.L.W. 1012 (Fla. 3d DCA Apr. 26, 1988).
The second district, in a footnote in Hoyte v. State, 518 So.2d 975 (Fla. 2d DCA 1988), concluded that it need not consider the effect of amended section 921.001(5) because the crime involved in the case was committed prior to the effective date of the amendment.
Having read and reviewed the pertinent case law, we are persuaded that the analysis undertaken by Judge Barfield in Felts correctly interprets the amendment to the sentencing guidelines as having only a procedural effect on the law. Our adoption of this line of reasoning is not affected by the fact that Felts is being reconsidered on rehearing.
We therefore affirm the departure sentence imposed in the instant case because there was one valid reason for departure articulated by the trial court. We also certify conflict with the third district and join with the first and third districts in certifying to the supreme court the following question:
WHETHER THAT PORTION OF CHAPTER 87-110, LAWS OF FLORIDA, WHICH AMENDS SECTION 921.001(5), FLORIDA STATUTES, IS APPLICABLE TO APPELLATE REVIEW OF SENTENCES IMPOSED FOR OFFENSES WHICH WERE COMMITTED PRIOR TO JULY 1, 1987.
AFFIRMED.
DOWNEY, LETTS, DELL, WARDEN and STONE, JJ., concur.
GLICKSTEIN, J., dissents in part and concurs with certification, with
opinion, with whom ANSTEAD and GUNTHER, JJ., concur.
*116 GLICKSTEIN, Judge, dissenting in part and concurring with certification.
In my view, after Miller v. Florida, 482 U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), the decision in Felts v. State, 13 F.L.W. 205 (Fla. 1st DCA Jan. 14, 1988), is anachronistic. In the instant case, this court should be following State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988), and not Felts, which the First District Court will hopefully undo upon rehearing.
I think Albritton v. State, 476 So.2d 158 (Fla. 1985), governs the instant case, because section 921.001(5), Florida Statutes (1987), makes a substantive change in the law which may not be applied retroactively.
I concur with the certification of the question.