556 So.2d 1224 (1990)
James HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0150.
District Court of Appeal of Florida, Fourth District.
February 21, 1990.
*1225 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles E. Ferris, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
After being found guilty of possession of cocaine, the defendant came on for sentencing, at which time the trial judge orally recounted the reasons why he was departing upward from the guidelines. Seventeen days later, the trial judge reduced to writing those same reasons for departure. Recent law from our Supreme Court says he was in error and we reverse.
We already "reluctantly" held in Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987), that the oral pronouncement and the written reasons must be said and produced at the same instant in time and that any delay (presumably as little as one hour) between the actual hearing and the written reasons would be unacceptable. However, our Ree panel obviously did not like that result and certified the question hoping for a reversal. It was not to be, for the Supreme Court, in a very recent opinion upheld our earlier Ree decision. Ree v. State, 14 F.L.W. 565 (Fla. November 16, 1989).
The Supreme Court, citing other cases to support the proposition that the written reasons must be contemporaneous with the oral pronouncement, held that the word "contemporaneous" means "at the time of sentencing." In other words, they construed "contemporaneous" as being synonymous with "instantaneous."
We are required, most properly so, to adhere to the dictates of our superiors in Tallahassee, yet we are still unhappy with this result. The big dictionary in our law library, Webster's Third New International Dictionary (Unabridged 1966), gives as its first definition of "contemporaneous:"
1: existing or occurring during the same time (as during a year, decade or longer span of time)... .
The smaller, but still large dictionary in this author's chambers, The American Heritage Dictionary of the English Language (1981), defines contemporaneous as:
Originating, existing or happening during the same period of time. (emphasis supplied).
We see nothing in those definitions mandating that the sentence and the written reasons be produced at the same moment in time or instantaneously.
A "contemporary" of this author would be any judge on this court. On this very panel, there is an age differential of seventeen years. To be contemporaneous, we do not all need to be the same age, never mind all be born on the Fourth of July. By the same token, a lapse of a mere seventeen days between the sentence and the written order of upward departure on the same defendant in the same case is certainly within an acceptable span or period of time and should satisfy any dictionary definition of the word "contemporaneous."
Parenthetically, we would also point out that the oral reasons given for the departure at the sentencing hearing sub judice dovetailed with those set forth in the subsequently written order, except that the former are more wordy and the latter include case citations. Accordingly, there is no prejudice to the defendant, particularly since there is no change in the actual sentence imposed.
The dicta herein should not be interpreted as a venting of the spleen. A motion for a rehearing has been filed in the Supreme Court in Ree. Perhaps our views would prove helpful.
REVERSED AND REMANDED FOR RESENTENCING.
WALDEN, J., concurs.
STONE, J., concurs specially with opinion.
STONE, Judge, concurring specially.
In concurring, I feel obligated to express a recognition that dictionary definitions need not control but only assist our interpreting the meaning of, or intent behind, wording in a statute or rule.