PER CURIAM.
Appellant has not demonstrated that the trial court abused its discretion in allowing the witness who saw the victim chasing appellant prior to his arrest to identify appellant in court. Downer v. State, 375 So.2d 840 (Fla.1979); State v. Cromartie, 419 So.2d 757 (Fla. 1st DCA), rev. den., Cromartie v. State, 422 So.2d 842 (Fla.1982).
While we find that the trial court correctly concluded that,appellant should be sentenced as an habitual felony offender, and that an upward departure from the recommended guidelines sentence was warranted, we find we must remand for resentenc-ing because of the court’s failure to comply with procedures mandated by Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), rehearing pending.
The reasons given by the trial court for departure from the recommended guidelines sentence, that the offense occurred within five days of appellant’s release from incarceration, and that the facts indicate a continuing and persistent pattern of criminal conduct, are valid. Williams v. State, 504 So.2d 392 (Fla.1987); Keys v. State, 500 So.2d 134 (Fla.1986).
These reasons for departure were orally pronounced at the sentencing hearing. The trial court’s written statement of reasons for departure, containing these same reasons, was signed the same day as the sentencing hearing, but was filed two days later. Because the record does not demonstrate that the written reasons for departure were actually issued at the sentencing hearing, we find-that we are bound by Ree v. State, which held that the trial court must produce its written reasons for departure from the sentencing guidelines at the same hearing at which sentence is imposed.
The supreme court apparently recognized that due process precludes the sentencing judge from preparing written reasons for departure from the sentencing guidelines in advance of the hearing at which evidence relating to the sentence will be given, but found that the trial court still has three options available when the state has urged a departure sentence:
First, if the trial judge finds that departure is not warranted, he or she then may immediately impose sentence within the guidelines’ recommendation, or may delay sentencing if necessary. Second, *374 after hearing argument and receiving any proper evidence or statements, the trial court can impose a departure sentence by writing out its findings at the time sentence is imposed, while still on the bench. Third, if further reflection is required to determine the propriety or extent of departure, the trial court may separate the sentencing hearing from the actual imposition of sentence. In this event, actual sentencing need not occur until a date after the sentencing hearing.
14 F.L.W. at 566.
Since the trial court in this case has already heard the evidence relating to sentencing and has properly determined that an upward departure from the recommended guidelines sentence is warranted, it may avail itself of the third option pronounced in Ree by producing its written reasons for departure at the hearing on remand at which sentence is imposed.
In situations such as this case presents, where there is no significant difference between the reasons for departure orally pronounced at the imposition of sentence and the written reasons entered the same day or within a few days of the sentencing hearing, we can find no prejudice to the defendant, or any logical reason for remand so that the trial court may reimpose the same sentence using the same written reasons. We would be inclined to find no error in this case, or at worst, harmless error. But like our sister court in Holmes v. State, 556 So.2d 1224 (Fla. 4th DCA 1990), we acknowledge that until the supreme court alters its position, we are bound by Ree. However, we certify to the Florida Supreme Court, as a matter of great public importance, the following question:
Whether a sentence must be reversed and remanded for resentencing pursuant to the options provided in Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), when there is no significant difference between the reasons for departure from the guidelines which were orally pronounced at the imposition of sentence and the written reasons which were entered the same day or within a few days of the imposition of sentence?
The trial court stated three factual bases for its finding that an enhanced penalty was necessary under section 775.-084, Florida Statutes (1987), to protect the public from appellant’s criminal activity. While the fact that the offense was committed within five days of appellant’s release from incarceration is a valid basis for this finding, we find invalid the court’s other two reasons, speculation that appellant “intended a robbery and, but for the intervening actions of the victim, would have robbed the victim” and the fact that the presentence investigation report indicated that in prior cases in which appellant was allowed to plead to unarmed robbery, the victims were threatened with a firearm and one victim was beaten with the weapon. We therefore affirm the trial court’s imposition of an enhanced penalty under the habitual offender statute, but direct the trial court on remand to delete the two impermissible bases for this determination from his written sentencing order.
The conviction is AFFIRMED, but the sentence is REVERSED and REMANDED for further proceedings consistent with this opinion.
SHIVERS, C.J., and WIGGINTON and BARFIELD, JJ., concur.