565 So.2d 369 (1990)
Keith Bernard BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2430.
District Court of Appeal of Florida, First District.
August 6, 1990.
Rehearing Denied September 6, 1990.
Barbara Linthicum, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
*370 WOLF, Judge.
The appellant was tried for first degree murder and armed robbery. Prior to trial, the state announced its intent not to seek the death penalty.
The appellant was convicted of second degree murder as well as armed robbery. The appellant raises three points on appeal. The issues are: (1) Whether the trial court erred in not granting a mistrial where testimony inferring prior criminal conduct by the defendant was introduced; (2) Whether the trial court erred in departing from the sentencing guidelines without providing a contemporaneous written statement of the reasons at the time the sentence was imposed; and (3) Whether appellant's life sentence without possibility of parole violates the Eighth Amendment to the United States Constitution and the due process clause of the state and federal constitutions. We find no merit as to issue 1 and affirm without further opinion based on Harmon v. State, 527 So.2d 182 (Fla. 1988). As to issues 2 and 3, we affirm for the reasons enumerated herein.
Second degree murder and armed robbery with a firearm are first degree felonies punishable by imprisonment for a term of years not exceeding life. The recommended guideline sentence for the defendant in the instant case was 22 to 27 years in prison.
The appellant, a juvenile, was certified as an adult for sentencing. The state also filed a notice of intent to seek a departure from the sentencing guidelines based on: 1) escalating pattern of criminality; 2) the excess use of force in the commission of the robbery resulting in the homicide; 3) attempt to cover up the commission of the crime; and 4) lack of respect for the law and the judicial system.
The court sentenced the defendant to a life term for the murder and 27 years for the robbery with the three-year mandatory minimums to run concurrently. Six days after sentencing, the trial court issued a written opinion outlining the reasons for the departure from the guideline sentence. The reasons were substantially similar to the ones relied on by the prosecution.[1]
The question of the legality of the procedure utilized by the trial judge in departing from sentencing guidelines has now been resolved by the supreme court in Ree v. State, 565 So.2d 1329 (Fla. 1990). While Ree requires that the written reasons for a departure from sentencing guidelines be produced at the sentencing hearing, the new requirements are only to be applied prospectively. We, therefore, find that the trial judge did not commit error in the sentencing procedure which he utilized at the time he sentenced the defendant.
The appellant has also challenged the legality of the life sentence for second degree murder without possibility of parole. He argues that since the state waived the death penalty prior to trial that the maximum sentence which may have been imposed for second degree murder (life without possibility of parole) exceeded the maximum sentence which may have been imposed for first degree murder (life sentence with eligibility for parole in 25 years).[2] The appellant argues that this scenario violates due process, equal protection and constitutes cruel and unusual punishment.
Appellant ignores the fact that even though the prosecutor waived the death penalty that the maximum sentence for first degree murder, pursuant to statute, was the death penalty. The minimum sentence was a life sentence with eligibility for parole after 25 years.[3] The defendant is essentially complaining because the potential maximum sentence for second degree murder exceeds the minimum sentence for *371 first degree murder. Since there are a number of factors other than seriousness of the crime which enter into sentencing decisions, this is clearly not a problem. Nor is a problem created because a life sentence for first degree murder is less severe than the life sentence for second degree murder. Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987).
Further, this court has previously held that the imposition of a life sentence without possibility of parole for a violent crime does not constitute cruel and unusual punishment. Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987).
Accordingly, we affirm the conviction.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] The appellant does not challenge the sufficiency of the reasons enumerated by the trial court for departing from the recommended sentencing guidelines.
[2] Pursuant to § 921.001(10), Fla. Stat. (1989), persons sentenced for second degree murder pursuant to sentencing guidelines are not eligible for parole.
[3] Appellant cannot, after having been given the advantage of not facing the death penalty, argue that the exercise of the prosecutor's discretion in his favor creates a constitutional problem.