WIGGINTON, Judge.
Appellant appeals a judgment and sentence finding him guilty of burglary and assault, a first-degree felony punishable by life. He challenges only his sentence, asserting error in the fact that when the sentence was orally pronounced, the court failed to issue “contemporaneous written reasons for departure from the sentencing guidelines in accordance with the dictates of Ree v. State, 14 F.L.W. 565, (Fla. Nov. 16, 1989). We affirm.
At the sentencing hearing, the trial judge orally stated two reasons for departing from the guidelines recommendation of 2lh to 3½ years and imposed a life sentence. However, he did not file the written departure order, which cited the same two reasons, until approximately two weeks later. Appellant asserts that pursuant to Ree, he reversibly erred in failing to hand down a “contemporaneous” written statement of his departure reasons simultaneously with the pronouncement of sentence. However, in an opinion issued on rehearing in Ree, the supreme court has declared that the Ree holding shall only be applied prospectively. Ree v. State, 565 So.2d 1329 (Fla.1990). Since appellant’s sentence was imposed prior to rendition of Ree, Ree is not applicable to this case and thus does not compel reversal. See Williams v. State, 565 So.2d 838 (Fla. 1st DCA 1990).
AFFIRMED.
BARFIELD and WOLF, JJ., concur.