576 So.2d 281 (1991)
STATE of Florida, Petitioner,
v.
Anthony Lee WILLIAMS, Respondent.
Anthony Lee Williams, Petitioner,
v.
State of Florida, Respondent.
Nos. 75880, 76010.
Supreme Court of Florida.
February 14, 1991.
Rehearing Denied March 28, 1991.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for petitioner/respondent.
Nancy Daniels, Public Defender and Carl S. McGinnes, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent/petitioner.
GRIMES, Justice.
Pursuant to article V, section 3(b)(4) of the Florida Constitution, we review Williams v. State, 559 So.2d 372 (Fla. 1st DCA 1990), in which the court certified as a matter of great public importance the following question:
Whether a sentence must be reversed and remanded for resentencing pursuant to the options provided in Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), when there is no significant difference between the reasons for departure from the guidelines which were orally pronounced at the imposition of sentence and the *282 written reasons which were entered the same day or within a few days of the imposition of sentence?
Williams, 559 So.2d at 374.
Williams was convicted of aggravated assault and resisting an officer without violence. He received a sentence that was above the range of the sentencing guidelines. At sentencing, the trial court announced as reasons for departure that the offense had occurred within five days of Williams' release from incarceration and that the facts indicated a continuing and persistent pattern of criminal conduct. A written statement that contained the same reasons as those that were orally announced was signed the same day as the sentencing but was filed two days later. The district court of appeal held that these reasons were a valid basis for departure. However, the court remanded for resentencing because the court's written statement of reasons for departure was not provided at the time of sentencing. In explaining why it chose to certify the question, the court said:
In situations such as this case presents, where there is no significant difference between the reasons for departure orally pronounced at the imposition of sentence and the written reasons entered the same day or within a few days of the sentencing hearing, we can find no prejudice to the defendant, or any logical reason for remand so that the trial court may reimpose the same sentence using the same written reasons. We would be inclined to find no error in this case, or at worst, harmless error. But like our sister court in Holmes v. State, 556 So.2d 1224 (Fla. 4th DCA 1990), we acknowledge that until the supreme court alters its position, we are bound by Ree.

Williams, 559 So.2d at 374.
The quoted reference to Holmes v. State, 556 So.2d 1224 (Fla. 4th DCA 1990), is not without significance. In Holmes, the Fourth District Court of Appeal wrote:
We already "reluctantly" held in Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987), that the oral pronouncement and the written reasons must be said and produced at the same instant in time and that any delay (presumably as little as one hour) between the actual hearing and the written reasons would be unacceptable. However, our Ree panel obviously did not like that result and certified the question hoping for a reversal. It was not to be, for the Supreme Court, in a very recent opinion upheld our earlier Ree decision. Ree v. State, 14 F.L.W. 565 (Fla. November 16, 1989).
The Supreme Court, citing other cases to support the proposition that the written reasons must be contemporaneous with the oral pronouncement, held that the word "contemporaneous" means "at the time of sentencing." In other words, they construed "contemporaneous" as being synonymous with "instantaneous."
We are required, most properly so, to adhere to the dictates of our superiors in Tallahassee, yet we are still unhappy with this result... .
... .
Parenthetically, we would also point out that the oral reasons given for the departure at the sentencing hearing sub judice dovetailed with those set forth in the subsequently written order, except that the former are more wordy and the latter include case citations. Accordingly, there is no prejudice to the defendant, particularly since there is no change in the actual sentence imposed.
The dicta herein should not be interpreted as a venting of the spleen. A motion for a rehearing has been filed in the Supreme Court in Ree. Perhaps our views would prove helpful.
Holmes, 556 So.2d at 1225.
Before this Court, the state argues that because the orally announced reasons for departure were held valid and the same reasons were put in writing shortly thereafter, it would be useless and burdensome to the courts to require resentencing. On the other hand, Williams contends that under the rationale of Pope v. State, 561 So.2d 554 (Fla. 1990), he can only be resentenced within the range of the guidelines, whereas the opinion of the First District *283 Court of Appeal permits a departure sentence to be reimposed if the same written reasons for departure are contemporaneously provided.
On July 19, 1990, subsequent to the opinion below in the instant case, we issued an amended opinion in Ree on rehearing.[1] We declined to recede from the view that written reasons for departure must be provided at sentencing. However, we announced that this rule would only be applied prospectively. In the absence of such a pronouncement, all cases involving the same issue that were pending on appeal at the time Ree became final would be subject to reversal under the "pipeline" theory. Smith v. State, 496 So.2d 983 (Fla. 3d DCA 1986). This change was made in recognition of the fact that many trial judges were under the impression prior to Ree that it was permissible to give the reasons for departure orally at sentencing and to provide a written statement containing the same reasons shortly thereafter. Because Williams was sentenced before our opinion in Ree became final, the original sentence was valid without the necessity of a resentencing. Accord Brown v. State, 565 So.2d 369 (Fla. 1st DCA 1990). Pope is inapplicable because it was directed to the situation where no written reasons are provided. Owens v. State, 563 So.2d 180 (Fla. 1st DCA 1990).
We do not address the issues in this case not encompassed by the certified question. We quash the decision below to the extent that it requires Williams to be resentenced.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT and KOGAN, JJ., concur.
NOTES
[1] Ree v. State, 565 So.2d 1329 (Fla. 1990).