PER CURIAM.
The state, on rehearing raises two grounds seeking to have the sentence herein reversed: 1) That the requirements of Ree v. State, 565 So.2d 1329 (Fla.1990) were not met by the trial court, in that the grounds for the downward departure were not reduced to writing until two days after the sentencing hearing. The defendant, Greene was sentenced prior to the rendition of Ree, supra. 2) That the grounds given by the trial court for downward departure were not valid.
As to the first issue, we find that Ree v. State, supra, is not applicable to this case. The First District Court of Appeal, when confronted with a similar situation stated:
“[1] As to the first issue, we hold the trial court did not err in the sentencing procedures used at the time he sentenced appellant. While Ree v. State, 565 So.2d 1329, 1330-32 (Fla.1990), requires that the written reasons for a departure from sentencing guidelines be produced at the sentencing hearing, the new requirements are only to be applied prospectively. Since appellant’s sentence was imposed prior to rendition of Ree, the new requirements are not applicable to this case and do not compel reversal.” (Emphasis added.)
Henderson v. State, 567 So.2d 493 at 494 (Fla. 1st DCA 1990). See State v. Lyles, 576 So.2d 706 (Fla.1991); State v. Williams, 576 So.2d 281 (Fla.1991); Brown v. State, 565 So.2d 369 (Fla. 1st DCA 1990).
As to the second issue raised by the state, we find that the oral reason given by the trial court for departure, does not constitute a valid reason for departure, under the facts of the instant case, where there is nothing in the record to indicate a reasonable possibility of rehabilitation of the defendant. See Herrin v. State, 568 So.2d 920 (Fla.1990).
Therefore, the sentence imposed herein is hereby vacated and the cause is remanded to the trial court for further proceedings consistent herewith. In light of our holding, the defendant may be permitted to withdraw his plea in the trial court.