PER CURIAM.
Appellant, Calvin Wyatt, appeals his judgment and sentences imposed for third degree murder and armed trespass. We affirm the judgment and sentences but strike the costs imposed against him as such costs were imposed without proper notice and an opportunity to be heard. The state may seek to reimpose such costs upon proper notice and an adequate opportunity for appellant to be heard.
Appellant challenges his departure sentence on the basis of Ree v. State, 565 So.2d 1329 (Fla.1990), in that the written reasons for departure were not offered until two weeks after the sentencing hearing. At the sentencing hearing, the trial judge orally pronounced the reasons for departure in almost identical terms to the written reasons subsequently offered. However, Ree is clearly to be applied prospectively only and the sentences imposed upon appellant predate Ree. See Williams v. State, 566 So.2d 22 (Fla. 1st DCA 1990); Williams v. State, 559 So.2d 372 (Fla. 1st DCA 1990), quashed on other grounds, Williams v. State, 576 So.2d 281 (Fla.1991) (specifically observing that Ree is to be applied prospectively only). Prior to Ree, written reasons for departure entered within a reasonably short period after their oral pronouncement were permitted in this district. Washington v. State, 501 So.2d 133 (Fla. 2d DCA 1987). We find the two-week period here to be such a reasonably short period.
Although appellant also contends that one of the reasons given for departure was invalid, he concedes that the other reason for departure was valid. Since the sentences here were entered prior to the chapter 87-110, Laws of Florida amendment of section 921.001(5), Florida Statutes (1986), which permits a court to uphold a departure sentence so long as one of the departure reasons is valid, this case is governed by the law in effect before the amendment, Albritton v. State, 476 So.2d 158 (Fla.1985). Under Albritton, a departure sentence will be upheld if the appellate court is convinced beyond a reasonable doubt that the trial judge would have departed anyway based on the single valid reason. We find that the court would have so departed here and, accordingly, find no merit in this argument.
Appellant also suggests that there was error committed leading to his convictions. We find no error but find that even if error was committed, it was harmless. Appellant did not argue his innocence to the jury. To the contrary, having been charged with first degree murder and armed burglary, his counsel argued that appellant was in fact guilty but only of third degree murder and armed trespass. The jury agreed and convicted appellant just as his counsel requested.
We, therefore, affirm appellant's judgment of conviction and sentence, except that the costs imposed are stricken without prejudice to their being reimposed upon proper notice and an opportunity to be heard.
CAMPBELL, A.C.J., and PARKER and ALTENBERND, JJ., concur.