580 So.2d 788 (1991)
Leonardo MORALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-88.
District Court of Appeal of Florida, Third District.
April 9, 1991.
Rehearing Denied July 3, 1991.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Janet Reno, State Atty., for appellee.
Before HUBBART, NESBITT and BASKIN, JJ.

ON MOTION TO ENFORCE MANDATE
PER CURIAM.
The state's motion for rehearing is granted and our prior opinion dated December 18, 1990 is hereby withdrawn.
We deny the defendant's motion to enforce the mandate which was issued pursuant to our prior opinion dated July 3, 1990, Morales v. State, 563 So.2d 211 (Fla. 3d DCA 1990), because this opinion has since been superseded by intervening decisions of the Florida Supreme Court. These intervening decisions unmistakably hold that the rule of Ree v. State, 565 So.2d 1329 (Fla. 1990), [upon which we had vacated the original sentence and remanded for resentencing within the sentencing guidelines because the trial court did not produce written reasons for departure from the sentencing guidelines until a week after the sentencing hearing] applies prospectively only to sentences imposed after the effective date of Ree, to wit: July 19, 1990. State v. Lyles, 576 So.2d 706 (Fla. 1991); State v. Williams, 576 So.2d 281 (Fla. 1991); see also State v. Greene, 575 So.2d 787 (Fla. 3d DCA 1991). The sentence in the instant case was imposed on April 23, 1986, and, accordingly, under Lyles and Williams, Ree has no application to this case; we had previously thought that Ree could be applied to a so-called "pipe-line" case, as here.
This being so, our prior contrary decision in this case reversing the instant sentence based on the rule announced in Ree is in clear and unmistakable conflict with Lyles and Williams and is, therefore, not the law of the state of Florida. Hoffman v. Jones, 280 So.2d 431, 433-34 (Fla. 1973). We therefore (a) decline to follow our prior decision in this case because to do so would work a manifest injustice, a clear exception to the law of the case doctrine, Brunner Enters. v. Department of Revenue, 452 So.2d 550, 552-53 (Fla. 1984); Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965); and (b) decline to enforce the mandate issued pursuant to such prior decision.
The trial court's reimposition of the original sentence in this case is hereby approved in all respects.
Motion denied.