ON PETITION FOR REHEARING
PER CURIAM.
We grant rehearing, withdraw our opinion of March 6, 1991, and issue the following opinion in its stead. The judgment and sentence are affirmed.
*572 The trial court departed upward from the guidelines in sentencing appellant. At sentencing, the court orally announced reasons for imposing an aggravated sentence. On the same day, subsequent to the hearing, a written statement of the reasons for departure was filed.
In our initial opinion, this court reversed the defendant’s sentence and remanded for resentencing, in accordance with the supreme court’s opinion in Ree v. State, 565 So.2d 1329 (Fla.1990) and this court’s opinions in Ree v. State, 512 So.2d 1085 (Fla. 4th DCA 1987) and Pittman v. State, 572 So.2d 29 (Fla. 4th DCA 1990). Immediately after our initial opinion issued, the supreme court modified Ree in State v. Lyles, 576 So.2d 706 (Fla.1991). See also State v. Williams, 576 So.2d 281 (Fla.1991). Subsequently, each party filed a motion for rehearing and this matter has been stayed pending resolution by the supreme court of other issues in Owens v. State, 598 So.2d 64 (Fla.1992).
In Lyles, the supreme court modified the contemporaneous rendition requirements of Ree. The court recognized the validity of written reasons for departure where in accord with the departure grounds announced at sentencing, provided the departure order is reduced to writing on the same day and filed no later than the business day following sentencing.
We have reviewed the record and conclude that the written reason for departure in this sentence is substantially the same as that announced at sentencing, albeit worded somewhat differently.
At sentencing the trial court stated:
I listened to the trial very carefully. I listened to the tape very carefully. I think the tape showed what the trial very clearly [sic] not only was there a robbery of the drugs inside the room I have very little doubt that you were planning on shooting her inside the room. I think the statements made outside after the crime were consistent with the approach you have taken through the trial. I find valid reason for aggravation of sentence.
The written order provides:
During the course of the drug transaction for which the Defendant was found guilty, he had produced a handgun and threatened to kill the confidential informant working for the police. This Court has every reason to believe that the Defendant would have carried out his threat on the spot but for the intervention of the police. After the Defendant had been convicted, he continued to make threats directed toward the victim. The Court finds that these threats of death toward the victim are a sufficient reason to aggravate the sentence in this case....
Both refer to certain threats made by the appellant that were captured on the tape indicating his intention to shoot the victim:
(1) “I’ll track you, you know that, don’t you?”
(2) “You’re lucky I don’t shoot ya. I think I might.”
(3) “You’re lucky I don’t shoot ya. I don’t trust you, Bonnie, I don’t, at all.”
(4) “What I’m doing now, I’m gonna kill you. Let’s sit here. Hey, come over here. You come over here.”
As to all other issues raised, we also find no error or abuse of discretion.
DOWNEY, STONE and POLEN, JJ., concur.