BARFIELD, Judge.
The trial court properly found that it was without jurisdiction to entertain appellant’s untimely “Amended Motion for New Trial.” However, appellant is not precluded from seeking relief by means of a proper motion for post-conviction relief. Richardson v. State, 546 So.2d 1037 (Fla.1989).
The reasons given by the trial court for departing from the recommended guidelines sentence, appellant’s having threatened a witness, and three misdemeanor convictions which could not be scored because they occurred subsequent to the instant offense, are valid. Knotts v. State, 533 So.2d 826 (Fla. 1st DCA 1988); Merriex v. State, 521 So.2d 249 (Fla. 1st DCA 1988).
These reasons for departure were orally pronounced at the sentencing hearing. The trial court’s written statement of reasons for departure, containing these same reasons, was signed the same day as the sentencing hearing and was filed three days later. Because the record does not demonstrate that the written reasons for departure were actually issued at the sentencing hearing, we find that we are bound by the recent Florida Supreme Court opinion in Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), rehearing pending, which held that the trial court must produce its written reasons for departure from the sentencing guidelines at the same hearing at which sentence is imposed.
The supreme court apparently recognized that due process precludes the sentencing judge from preparing written reasons for departure from the sentencing guidelines in advance of the hearing at which evidence relating to the sentence will be given, but found that the trial court still *372 has three options available when the state has urged a departure sentence:
First, if the trial judge finds that departure is not warranted, he or she then may immediately impose sentence within the guidelines’ recommendation, or may delay sentencing if necessary. Second, after hearing argument and receiving any proper evidence or statements, the trial court can impose a departure sentence by writing out its findings at the time sentence is imposed, while still on the bench. Third, if further reflection is required to determine the propriety or extent of departure, the trial court may separate the sentencing hearing from the actual imposition of sentence. In this event, actual sentencing need not occur until a date after the sentencing hearing.
14 F.L.W. at 566.
Since the trial court in this case has already heard the evidence relating to sentencing and has properly determined that an upward departure from the recommended guidelines sentence is warranted, it may avail itself of the third option pronounced in Ree by producing its written reasons for departure at the hearing on remand at which sentence is imposed.
In situations such as this case presents, where there is no significant difference between the reasons for departure orally pronounced at the imposition of sentence and the written reasons entered the same day or within a few days of the sentencing hearing, we can find no prejudice to the defendant, or any logical reason for remand so that the trial court may reimpose the same sentence using the same written reasons. We would be inclined to find no error in this case, or at worst, harmless error. But like our sister court in Holmes v. State, 556 So.2d 1224 (Fla. 4th DCA 1990), we acknowledge that until the supreme court alters its position, we are bound by Ree.
The conviction is AFFIRMED, but the sentence is REVERSED and REMANDED for further proceedings consistent with this opinion. However, we certify to the Florida Supreme Court, as a matter of great public importance, the following question:
Whether a sentence must be reversed and remanded for resentencing pursuant to the options provided in Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), when there is no significant difference between the reasons for departure from the guidelines which were orally pronounced at the imposition of sentence and the written reasons which were entered the same day or within a few days of the imposition of sentence?
SHIVERS, C.J., and WIGGINTON, J., concur.