563 So.2d 180 (1990)
James C. OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-189.
District Court of Appeal of Florida, First District.
June 18, 1990.
Rehearing Denied July 23, 1990.
Michael E. Allen, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Appellant challenges his conviction for aggravated battery, asserting that the trial court abused its discretion in allowing the state to use for demonstration purposes a "butterfly" knife that was not the actual weapon used to commit the offense. He also challenges his departure sentence, arguing that the trial court improperly issued its written departure order a month after the sentencing hearing.
We affirm the conviction, but reverse the sentence and remand this case to the trial court for resentencing in accordance with Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989). Since the trial court has already heard the evidence relating to sentencing, it may comply with Ree by issuing its written reasons for departure at the hearing on remand at which sentence is imposed.
Appellant argues that on remand the trial court should be restricted to resentencing him within the sentencing guidelines, citing Shull v. Dugger, 515 So.2d 748 (Fla. 1987). In that case, the supreme court held that when all the departure reasons have been reversed, the sentencing judge may not enunciate new reasons for a departure sentence on remand. The court found that to hold otherwise "may needlessly subject the defendant to unwarranted efforts to justify the original sentence" and could result in multiple appeals and resentencings. Id. at 750.
In Pope v. State, 561 So.2d 554 (Fla. 1990), the supreme court recently held that when an appellate court reverses a sentence due to the trial court's failure to provide written reasons for departure, it "must remand for resentencing with no possibility of departure from the guidelines," applying the principles and policy reasons enunciated in Shull v. Dugger and in State v. Jackson, 478 So.2d 1054 (Fla. 1985), receded from on other grounds, Wilkerson v. State, 513 So.2d 664 (Fla. 1987).[1] The court stated:

*181 Effectively, Jackson and Shull both determined that at the point of remand no valid reasons for departure existed under the rule. Jackson said oral reasons were invalid and required resentencing. Shull said invalid reasons, even if written, must be remanded only for a guideline sentence.
We find the holding in Pope distinguishable from the situation involved in the case at issue, where at the point of remand valid written reasons for departure do exist. The only problem here is the trial court's failure to have timely issued those written reasons for departure at the sentencing hearing. Allowing the trial court on remand to reimpose the departure sentence based on these same written reasons will not, as in Shull, subject appellant to "unwarranted efforts to justify the original sentence" and will not result in multiple appeals and resentencings. The problems articulated in Jackson, regarding the confusion engendered when no written reasons for departure have been issued, are simply not involved in this type of case.[2]
The conviction is AFFIRMED. The sentence is REVERSED and the case is REMANDED for proceedings consistent with this opinion.
BOOTH and JOANOS, JJ., concur.
NOTES
[1] In Jackson, the court had found that the absence of written reasons for departure "necessarily forces the appellate courts to delve through sometimes lengthy colloquies in expensive transcripts to search for reasons utilized by the trial courts," that the reasons thus "plucked from the record" by the appellate court might not have been the reasons intended by the trial judge, and that "the development of the law would best be served by requiring the precise and considered reasons which would be more likely to occur in a written statement than those tossed out orally in a dialogue at a hectic sentencing hearing." Id. at 1056.
[2] Justice Shaw, concurring in Pope, stated that the result "is consistent with our decision in Stewart v. State, 549 So.2d 171 (Fla. 1989), [petition for cert. filed, No. 89-6298 (Dec. 15, 1989)] wherein we ruled that if a trial court fails to give contemporaneous written reasons for imposing the death penalty, no reasons may be provided on remand." 561 So.2d at 557.

In Stewart, the court remanded a death sentence so that the trial court could provide written findings, noting:
Prior to, or contemporaneous with, orally pronouncing a death sentence, courts are now required to prepare a written order which must be filed concurrent with the pronouncement. Grossman [v. State, 525 So.2d 833 (Fla. 1988), cert. denied, Grossman v. Florida, ___ U.S. ___, 109 S.Ct. 1354, 103 L.Ed.2d 822 (1989)]. Should a trial court fail to provide timely written findings in a sentencing proceeding taking place after our decision in Grossman, we are compelled to remand for imposition of a life sentence. Because Stewart's sentencing occurred prior to Grossman and because the trial court followed the jury recommendation of death and dictated its findings into the record, we remand for written findings. Cave v. State, 445 So.2d 341 (Fla. 1984).
In Grossman, the court had explicitly established a procedural rule, prospective in application, "that all written orders imposing a death sentence be prepared prior to the oral pronouncement of sentence for filing concurrent with the pronouncement." 525 So.2d at 841. We find in Ree no such explicit establishment of a prospectively applied procedural rule, nor any subsequent indication from the supreme court that upon remand for failure to issue the written reasons contemporaneously with the sentencing, the trial court would be required to resentence within the guidelines. In Ree, the supreme court relied in part upon State v. Oden, 478 So.2d 51 (Fla. 1985), in which it approved this court's decision in Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984). In that case, we found reversible error in the trial court's departing from the guidelines "without providing a contemporaneous written statement of the reasons therefor at the time each sentence was pronounced" and remanded for resentencing with the proviso that the trial court could again depart from the guidelines if it followed the requirements of Jackson.
We do not find that Pope, Grossman or Stewart mandate restricting the trial court on remand to sentencing within the guidelines.