POLEN, Judge.
Appellee entered a plea of guilty to charges of burglary with a battery and strong armed robbery and was sentenced to six years incarceration on both counts to run concurrently. The issue raised on appeal is the trial court’s imposition of a sentence below the sentencing guidelines based on Barbera v. State, 505 So.2d 413 (Fla. 1987).
We affirm the trial court’s reliance on Barbera and the record supporting a downward departure based on appel-lee’s intoxication at the time of commission of the offense. See Herrin v. State, 568 So.2d 920 (Fla.1990); State v. Joseph, 543 So.2d 405 (Fla. 4th DCA 1989). However, although the trial court did subsequently commit its oral pronouncements to writing, we find reversible error in the trial court’s failure to contemporaneously provide written reasons for the departure sentence as required by Ree v. State, 565 So.2d 1329 (Fla.1990). Given the facts of the case, upon remand for resentencing, the trial court is not precluded by Pope v. State, 561 So.2d 554 (Fla.1990) from contemporaneously imposing the same departure sentence previously but untimely committed to writing by the court. See Owens v. State, 563 So.2d 180 (Fla. 1st DCA 1990).
*1145 We affirm the conviction but reverse and remand for resentencing in accordance with this opinion.
ANSTEAD and DELL, JJ., concur.