576 So.2d 706 (1991)
STATE of Florida, Petitioner,
v.
Randy LYLES, Respondent.
No. 75878.
Supreme Court of Florida.
March 7, 1991.
*707 Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for petitioner.
Nancy Daniels, Public Defender and Nancy L. Showalter, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
OVERTON, Justice.
The State of Florida petitions this Court to review Lyles v. State, 559 So.2d 370 (Fla. 1st DCA 1990), in which the First District Court of Appeal affirmed Lyles' aggravated battery conviction but reversed and remanded as to the guidelines departure sentence on the basis of Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), withdrawn and superseded by 565 So.2d 1329 (Fla. 1990). The district court certified the following question as a matter of great public importance:
Whether a sentence must be reversed and remanded for resentencing pursuant to the options provided in Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989), when there is no significant difference between the reasons for departure from the guidelines which were orally pronounced at the imposition of sentence and the written reasons which were entered the same day or within a few days of the imposition of sentence?
Lyles, 559 So.2d at 372.[1]
Subsequent to the decision of the First District Court of Appeal and certification of this question, we withdrew our initial opinion reported at 14 F.L.W. 565 and substituted the final opinion, Ree v. State, 565 So.2d 1329 (Fla. 1990). The initial opinion was changed on rehearing to expressly state that the Ree opinion "shall only be applied prospectively." Id. at 1331. Lyles was sentenced on April 7, 1989, while our final opinion in Ree was filed on July 19, 1990. Consequently, Ree does not apply and that part of the district court's decision reversing and remanding for resentencing must be quashed with directions to affirm Lyles' sentence.
This certified question, however, presents a different factual situation from that contained in Ree, which the district court believed required clarification. The question asks that we determine whether the reasons for departure from the guidelines, which were orally pronounced at the imposition of the sentence, and the written reasons, which were entered the same day or a few days after the imposition of the sentence, should be considered to be contemporaneous in accordance with Ree. We find that the question presented should be addressed in order to clarify the responsibilities of trial judges in imposing departure sentences. In this case, we find that the reasons for departure from the sentencing guidelines were set forth contemporaneously with the sentence, and our Ree decision should be modified to allow this holding.
The sentencing hearing was held in this cause on April 7, 1989, and testimony and argument were received from both the state and the defense. At the conclusion of the hearing, the trial judge stated:
With regard to the matters brought to the attention of this Court, specifically those matters set forth in the notice of intent to seek departure above sentencing guidelines where it is alleged that certain threats were made to Ms. Carmony, I'm going to find that as a matter of fact that those threats were, in fact, made to Ms. Carmony during the  prior to the trial of this cause, based upon the evidence adduced at this hearing. I think the law is clear that those are valid grounds.
Further, it is my intention to exceed the sentencing guidelines based upon that reason set forth in the notice of intent to seek departure above sentencing guidelines and also in the state's amended notice to seek intent to  to seek departure from the guidelines, that that *708 reason has been proven by means of the two judgments and sentences or certified copies of judgments and sentences that have been entered into evidence and the fact that he was convicted of three separate misdemeanors during the time from his arrest until his conviction for the offense for which he stands before the Court, that those also would constitute a valid reason to exceed the guidelines in this particular case.
I will set forth those reasons in a written order as required by the Florida Rules of Criminal Procedure.
(Emphasis added.) The final judgment adjudicating guilt was entered and filed on the appropriate sentencing judgment form on that date. The trial judge then did what he stated he would do; he prepared a written "Statement for Reasons for Departure from Sentencing Guidelines," which read as follows:
The Defendant was before the Court this date for sentencing in the abovestyled cause, the Defendant having been found guilty of Aggravated Battery. At the sentencing hearing, the Court invited testimony and arguments in mitigation. The Court also heard arguments from the State and Defense regarding the issue as to whether the Court should depart from the recommended sentence of 2 1/2 to 3 1/2 years under the sentencing guidelines. The purpose of this Statement is to manifest the Court's exercise of its authority to depart from the sentence recommended under the sentencing guidelines, and to state the Court's justification therefore.
The justification for the Court's departure from the sentencing guidelines is a[s] follows:
1. The Defendant threatened Cynthia Carmony, a witness in the instant case. These threats included, but were not limited to, a confrontation approximately two (2) weeks before trial when the Defendant was out on bond, where the Defendant said to Miss Carmony, "Bitch, I'm going to kill ... If I can't have you no one can ... It ain't over yet".

Williams v. State, 462 So.2d 36 (1st DCA 1984);

Hall v. State, 510 So.2d 979 (1st DCA 1987).
2. The Defendant has convictions which cannot be scored on his guideline sheet because the convictions were subsequent to the instant offense. Specifically, the Defendant was convicted of Breach of Peace and Disorderly Intoxication on October 27, 1988 and of Driving While Intoxicated on March 3, 1989. These offenses occurred when the Defendant was awaiting trial while out on bond in the instant case.

Hunt v. State, 468 So.2d 1100, 1101 (1st DCA 1985);

Austin v. State, 507 So.2d 132 (1st DCA 1987).
DONE AND ORDERED at Jacksonville, Duval County, Florida, this 7th day of April, 1989.
This statement was executed by the judge on Friday, April 7, 1989, the same day as the sentencing; however, the written statement of reasons was not filed until the next business day, which was Monday, April 10, 1989. This delay resulted in a claim by Lyles that this departure sentence was contrary to Ree because the written reasons were not issued and filed at the time of the oral sentencing on April 7, 1989.
Written reasons must be issued on the same day as sentencing. It is important to recognize that, if a sentence is entered and filed with the clerk on the day of sentencing, but the written reasons are delayed in being prepared and consequently are not filed on the same date, the decision to appeal may have to be made without the benefit of those written reasons because the time for appeal begins to run from the date the sentencing judgment is filed, not the written reasons. This is the reason for our holding in Ree. We find that when express oral findings of fact and articulated reasons for the departure are made from the bench and then reduced to writing without substantive change on the same date, the written reasons for the departure sentence are contemporaneous, in accordance with Ree. To adopt a contrary view would be placing form over substance. *709 The ministerial act of filing the written reasons with the clerk on the next business day does not, in our view, prejudice the defendant in any respect.
We adhere to our statement of options available to a trial court when imposing a sentence that departs from the sentencing guidelines, as expressed in Ree,[2] but we modify those options to allow the trial judge the leeway to reduce to writing, immediately after the hearing, the reasons orally stated to the defendant in open court. It is important that these written reasons are entered by the trial judge on the same date as the sentencing. These written reasons should, if at all possible, be filed on the same date; however, a filing on the next business day does not require a new sentencing proceeding.
In conclusion, (1) we find that Ree does not apply retroactively to this cause; (2) we answer in the affirmative that part of the certified question that asks whether the trial judge may properly enter the written statement of reasons for departure from the guidelines after the judge has orally pronounced the imposition of sentence and orally stated the reasons, provided the reasons are entered on the same day; and (3) we find it would not be proper under Ree to enter the written reasons a few days after the imposition of sentence.
For the reasons expressed, we quash in part the decision of the district court and remand with directions to affirm the departure sentence.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] In Ree v. State, 565 So.2d 1329, 1332 (Fla. 1990), we stated:

First, if the trial judge finds that departure is not warranted, he or she then may immediately impose sentence within the guidelines' recommendation, or may delay sentencing if necessary. Second, after hearing argument and receiving any proper evidence or statements, the trial court can impose a departure sentence by writing out its findings at the time sentence is imposed, while still on the bench. Third, if further reflection is required to determine the propriety or extent of departure, the trial court may separate the sentencing hearing from the actual imposition of sentence. In this event, actual sentencing need not occur until a date after the sentencing hearing.