W. SHARP, Judge.
Rodwell appeals his upward departure sentence on the ground that the written reasons for exceeding the guidelines were *20 not rendered (filed) “contemporaneously” as required. See Fla.R.Crim.P. 3.701 d 11. (Committee Note); Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla.1991).
The trial court in this case sentenced Rodwell on November 14, 1990, orally giving the departure reasons. The reasons were put into written form and signed by the judge on the same date (November 14, 1990),[1] but this paper was not filed with the court until five days later. Sentencing was on a Wednesday; the reasons were filed the following Monday. We affirm.
In State v. Lyles, 576 So.2d 706 (Fla. 1991), the Florida Supreme Court held that when express oral findings and articulated reasons for departure are made from the bench and then reduced to writing without substantive change on the same date, the written reasons for the departure sentence are contemporaneous. The court further stated that the ministerial act of filing the written reasons with the clerk on the next business day would not prejudice the defendant in any respect. Moreover, the court indicated that it was important not to elevate form over substance.
The supreme court in Lyles did not hold that the filing of written reasons beyond the first business day following sentencing would be prejudicial. The court was simply responding to the facts of the case where the sentencing hearing took place on a Friday and the departure reasons were not filed until Monday, the next business day.
In this case Rodwell did not suffer any prejudice stemming from the fact that departure reasons were orally announced and contemporaneous written reasons prepared and signed on the same day, but the ministerial act of filing the written reasons did not occur until the third business day following sentencing. Given the current crush of criminal cases being handled by our state trial courts and their limited resources, we hold that under the facts of this case, the departure reasons were “contemporaneous” with the sentencing.
AFFIRMED.
HARRIS and PETERSON, JJ., concur.

. Originally, the record disclosed the written reasons were dated September 14, 1990. The date was a scrivener’s error which the trial court corrected. We allowed the record to be supplemented to show the correct date: November 14, 1990. From a procedural viewpoint, it would have been more appropriate to have the state move this court to allow correction of the scrivener's error, since the record on appeal had been sent to the appellate court. In any event, we take the position that the record has now been corrected to show the written departure order was executed on the date Rodwell was sentenced.