JOANOS, Chief Judge.
Wilmer Ray Adkinson has appealed the sentence imposed following his conviction for second-degree murder and possession of a firearm by a convicted felon, and also challenges the written judgment and sentence indicating certain violations of probation inconsistent with the trial judge’s oral pronouncement thereof. We reverse.
On December 10, 1990, Adkinson was sentenced following his conviction by jury of second-degree murder and possession of a firearm by a convicted felon. The trial court sentenced him outside the recommended guidelines range of 17-22 years to 40 years, orally citing as reasons: 1) Adkin-son’s conduct (firing into a crowd at a party) created danger to several people, and 2) his escalating pattern of criminal-conduct. Defense counsel acknowledged the legitimacy of these reasons and does not challenge them substantively on appeal. The trial judge reduced the reasons to writing and signed them on the Decem *481 ber 10 sentencing date, but they were not filed until December 27, 1990.
Also at the December 10, 1990 sentencing proceeding, the trial judge orally imposed a 60-day sentence for violation of probation in unrelated Case No. 88-282, a multiple-count case in which probation had been imposed only for one count, misdemeanor DUI. However, the written judgment and sentence indicate that Adkinson was adjudged to have violated probation as to every count of Case No. 88-282, and imposed concurrent 60-day sentences.
As to the delay in the filing of the trial court’s written departure reasons, it is clear from Ree v. State, 565 So.2d 1329 (Fla.1990), and State v. Lyles, 576 So.2d 706 (Fla.1991), that written reasons filed 17 days after sentencing are not “contemporaneous,” requiring reversal and remand for resentencing.[1] Appellant further contends that resentencing must be within the guidelines, citing Pope v. State, 561 So.2d 554 (Fla.1990) (when reversal is due to a failure to provide written reasons, there can be no departure on remand). We disagree.
In Owens v. State, 563 So.2d 180 (Fla. 1st DCA), jurisdiction accepted 573 So.2d 3 (Fla.1990), this court found Pope inapplicable to situations where valid reasons existed at the point of remand, and the only problem was the trial court’s failure to timely issue the written reasons at the sentencing hearing. Accord State v. Thompson, 570 So.2d 1144 (Fla. 4th DCA 1990). See also State v. Williams, 576 So.2d 281 (Fla.1991), wherein the Supreme Court cited Owens as authority for the proposition that Pope did not apply to re-sentencing under Ree, in that it was directed only to situations where no written reasons were provided. Williams at 283 (emphasis in original). Therefore, we find that, if the same reasons for departure are contemporaneously provided, a departure sentence may be reimposed on remand herein.[2]
As to the written judgment and sentence indicating a violation of probation and terms of incarceration as to all counts of Case No. 88-282, this clearly does not conform to the oral pronouncement of violation and sentence only as to one count misdemeanor DUI. On remand, the written judgment and sentence shall be corrected to conform to the oral pronouncement. See Outlaw v. State, 582 So.2d 168 (Fla. 1st DCA 1991).
Reversed and remanded for further proceedings consistent with this opinion.
SMITH and ALLEN, JJ., concur.

. Lyles held that, when express oral findings and reasons for departure are made from the bench, and reduced to writing without substantive change on the same date, the written reasons are contemporaneous within Ree. The court went on to say that the written reasons “should, if at all possible be filed on the same date; however, a filing on the next business day does not require a new sentencing proceeding.” Lyles at 709 (emphasis supplied). However, the court proceeded to emphasize that "it would not be proper under Ree to enter the written reasons a few days after the imposition of sentence." Lyles at 709 (emphasis supplied).

. In its answer brief, the state alleges that the trial court erred, as to Adkinson's sentence for murder, in failing to impose the three-year minimum mandatory term required by s. 775.087 for use of a firearm. While the state could permissibly have raised this issue by way of a cross-appeal, see Rule 9.140(c)(l)(I), Fla. R.App.P. (the state may appeal an illegal sentence), no such cross-appeal was filed. We therefore decline to address the issue, or to require imposition of the mandatory term at resentencing.