598 So.2d 64 (1992)
James C. OWENS, Petitioner,
v.
STATE of Florida, Respondent.
No. 76516.
Supreme Court of Florida.
April 2, 1992.
Rehearing Denied June 9, 1992.
Nancy Daniels, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for respondent.
HARDING, Justice.
We have for review Owens v. State, 563 So.2d 180 (Fla. 1st DCA 1990), based upon conflict with Pope v. State, 561 So.2d 554 (Fla. 1990), and Ree v. State, 565 So.2d 1329 (Fla. 1990), modified, State v. Lyles, 576 So.2d 706 (Fla. 1991). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
James C. Owens (Owens) was convicted of aggravated battery. The trial court imposed a departure sentence, but did not issue its written order until a month after the sentencing hearing. On appeal, the First District Court of Appeal affirmed the conviction, but reversed the sentence and remanded to the trial court for resentencing in accordance with Ree. Owens, 563 So.2d at 180. The district court determined that the trial court could comply with Ree "by issuing its written reasons for departure at the hearing on remand at which sentence is imposed." Id. Moreover, the district court determined that Pope did not apply because "at the point of remand valid written reasons for departure" existed. Id. at 181.
In Ree, this Court held that trial courts must produce contemporaneous written reasons when they depart from the guidelines. In Pope, we held "that when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines." Pope, 561 So.2d at 556. Thus, Owens asserts that the instant opinion conflicts with Pope by "[a]llowing the trial court on remand to reimpose the departure sentence based on [the] same written reasons" issued one month after the sentencing hearing. Owens, 563 So.2d at 181.
On rehearing in Ree, this Court stated that Ree would apply prospectively only. Ree, 565 So.2d at 1331. Such a prospective application would preclude relief for Owens as he was sentenced before Ree became final. However, Owens was a passenger on a railroad train which was derailed in Smith v. State, 598 So.2d 1063 (Fla. 1992), when we receded from this position and held that both Ree and Pope are applicable to all cases not yet final at the time mandate issued after rehearing in Ree or at the time Pope was decided. 598 So.2d at 1066. Thus, both Ree and Pope are applicable to Owens' case. The district court properly determined that Ree requires Owens' sentence be reversed and the case be remanded for resentencing. However, under Pope when the appellate court reversed Owens' departure sentence because there were no written reasons, the court was then required to remand "for resentencing with no *65 possibility of departure from the guidelines." Pope, 561 So.2d at 556.
Accordingly, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.