PER CURIAM.
Appellant was convicted of attempted murder in the second degree with a deadly weapon. At appellant’s sentencing hearing, the trial court determined that appellant’s unscored juvenile convictions and his escalating pattern of criminal activity were valid reasons for departure from the sentencing guidelines. The trial court sentenced appellant to life imprisonment. Five days later, the trial court entered a written order of aggravation, specifically outlining its reasons for departure.
While we find no merit in appellant’s other arguments, appellant correctly asserts that his sentence must be reversed due to the trial court’s failure to file a contemporaneous written order of departure. Ree v. State, 565 So.2d 1329 (Fla.1990). Furthermore, the trial court improperly relied upon appellant’s juvenile convictions as a reason for departure because appellant’s juvenile record was not sufficiently significant. Puffinberger v. State, 581 So.2d 897 (Fla.1991). However, a pattern of criminal activity which reflects an escalation has been recognized as a basis for departure. Williams v. State, 581 So.2d 144 (Fla.1991). The question then remained whether the trial court could once again depart from the guidelines on remand despite its failure to provide contemporaneous written reasons in accordance with Ree.
The general rule is that where a departure sentence is reversed because it is not supported by written reasons, the trial court must resentence within the guidelines. Pope v. State, 561 So.2d 554 (Fla.1990). However, in Owens v. State, 563 So.2d 180 (Fla. 1st DCA 1990), the court concluded that where valid reasons for departure are given, albeit untimely, Pope does not apply and, on remand, the trial court may again render a departure sentence. See also Adkinson v. State, 590 So.2d 480 (Fla. 1st DCA 1991). On December 13, 1990, the Florida Supreme Court accepted jurisdiction in Owens, and this court stayed its consideration of the instant appeal.
In Owens v. State, 598 So.2d 64 (Fla.1992), the Florida Supreme Court quashed the decision of the First District Court of Appeal and held that when a departure *935 sentence is reversed due to the trial court s failure to provide contemporaneous reasons in accordance with Ree, Pope applies and the trial court cannot depart from the guidelines on remand. Both Ree and Pope are applicable to the instant appeal. Accordingly, we reverse appellant’s sentence and remand this case to the trial court “for resentencing with no possibility of departure from the guidelines.” Pope, 561 So.2d at 556.
GLICKSTEIN, C.J., ANSTEAD, J., and WALDEN, JAMES H., Senior Judge, concur.