HALL, Judge.
The appellant, David K. Jones, was convicted of first-degree murder, in violation of section 782.04(l)(a)(l), Florida Statutes (1987), and grand theft, in violation of section 812.014(2)(c). He was sentenced to twenty-five years’ imprisonment on the murder conviction and five years’ imprisonment for grand theft, with both sentences to run concurrently. Jones challenges his five-year sentence for grand theft, contending such was an improper departure from the guidelines. We agree and reverse.
A trial court is required to review a guidelines scoresheet prior to the imposition of a sentence. Fla.R.Crim.P. 3.701(d)(1); Holton v. State, 573 So.2d 284 (Fla.1990). A trial court is also required to issue written reasons for a departure sentence contemporaneous with — i.e., the same day as — the issuance of that sentence. Ree v. State, 565 So.2d 1329 (Fla.1990); State v. Lyles, 576 So.2d 706 (Fla.1991). See also Whitaker v. State, 597 So.2d 933 (Fla. 4th DCA 1992). Failure to do so requires reversal of the departure sentence and remand for resentencing within the guidelines, regardless that the reason for the departure may have been valid. Owens v. State, 598 So.2d 64 (Fla.1992); Pope v. State, 561 So.2d 554 (Fla.1990); and Whitaker v. State.
The record shows the trial court indeed did not have a guidelines scoresheet before it when it orally pronounced Jones’s sentence. The transcript of the hearing reveals the trial court had no idea how Jones scored or what the recommended or the permitted range was at the time it imposed Jones’s five-year prison term for grand theft. Further, though it cannot be determined when the scoresheet containing the written reason for departure was prepared, the record shows it was not filed until June 7, 1989 — the day after sentencing.
Based on the foregoing, we reverse the departure sentence for Jones’s grand theft conviction and remand for resentencing within the guidelines. We also note that a scrivener’s error appears on the judgment in that it reflects that Jones was convicted of first-degree murder in violation of section 784.04(l)(a), rather than section 782.-04(l)(a)(l), which is the correct statutory provision. Thus, on remand the judgment should be corrected to reflect the correct statute number.
We find no merit in Jones’s second contention that the evidence was insufficient to support his conviction for first-degree murder. Thus, his convictions, as well as his sentence for first-degree murder, are otherwise affirmed.
SCHOONOVER, C.J., and THREADGILL, J., concur.