MINER, Judge.
Appellant here pled nolo contendere below to second-degree murder and aggravated child abuse in the fatal beating of a 22-month-old child entrusted to his care. At the conclusion of a sentencing hearing held on May 30, 1989, the trial court pronounced an upward departure sentence citing the *479 victim’s infancy and the fact that appellant was in a position of custodial authority over the helpless child. On Friday, June 2, 1989, three days after the sentencing hearing, the trial judge filed an undated written order containing the same reasons given at the sentencing hearing to support the sentence imposed on appellant. Appellant seeks review of his sentence urging that the trial court erred in imposing an upward departure based on reasons disapproved by the Florida Supreme Court and that, in any case, the trial court did not comply with the dictates of Ree v. State, 565 So.2d 1329 (Fla.1990), by producing written reasons for departure from the sentencing guidelines at the sentencing hearing.
While our understanding of how appellant was prejudiced by such a short delay is not complete and even though the trial judge below had no reason to know that he was committing reversible error by not filing written reasons for departure which were the same as those orally pronounced until three days after he sentenced appellant,[1] the most recent holding on the subject by the Supreme Court leaves us no alternative but to reverse appellant’s sentence and remand to the trial court for resentencing within the range permitted by the sentencing guidelines. Blair v. State, 598 So.2d 1068 (Fla.1992); see also, Smith v. State, 598 So.2d 1063 (Fla.1992); Owens v. State, 598 So.2d 64 (Fla.1992). In view of this disposition, we do not reach appellant’s claim that the reasons given orally at sentencing and in writing three days later by the trial court have previously been disapproved by the Supreme Court.
REVERSED and REMANDED.
SHIVERS, J., concurs.
BOOTH, J., specially concurs.

. Indeed, at the time appellant was sentenced, in this appellate district it was acceptable for a trial court to orally apprise a defendant of the reason(s) for an upward departure sentence and, within a reasonable time thereafter, reduce those reasons to writing. Williams v. State, 531 So.2d 212 (Fla. 1st DCA 1988); Moore v. State, 538 So.2d 123 (Fla. 1st DCA 1989).