PER CURIAM.
Defendant was convicted of sexual battery with a deadly weapon, a life felony under section 794.011(3), Florida Statutes (1989), and burglary, a first-degree felony punishable by life under section 810.02(2). For the two offenses he was sentenced to consecutive life terms, which constitutes a departure sentence. See, e.g., Allen v. State, 561 So.2d 1339 (Fla. 2d DCA1990). We affirm his convictions but conclude that resentencing is necessary.
Defendant first argues that the trial court was misinformed with regard to his actual permitted range. We agree. On defendant’s sentencing guidelines score-sheet, “22-life” was filled in as his permitted sentence. However, his tally of 542 points actually corresponds to a permitted range of 17 to 40 years. Had the court been aware of his actual permitted range, defendant might well have received a different sentence. Under these circumstances, resentencing is necessary.
Defendant next argues that all the trial court’s reasons for departure were invalid. We do not agree. At least two of the court’s reasons were valid in this case: defendant threatening the victim and her children after the commission of the offenses, see State v. Lyles, 576 So.2d 706, 708 (Fla.1991), and his escalating pattern of criminal activity, see Barfield v. State, 594 So.2d 259, 261 (Fla.1992). Accordingly, the trial court may impose a departure sentence on remand.
We find no merit to defendant’s remaining points on appeal.
Convictions affirmed; sentences reversed and remanded for resentencing.
DANAHY, A.C.J., HALL, J„ and SILVERTOOTH, LYNN N., Senior Associate Judge, concur.