DIAMANTIS, Judge.
Gary Alan Mock appeals a guidelines departure sentence of five years imprisonment which was imposed following his conviction for the felony of accessory after the fact.[1] Because the written reason for the departure was not filed until some five months after it was prepared, we reverse and remand this *1336 matter for resentencing within the guidelines.
The action of filing written reasons five months after sentencing is contrary to the clear mandate of State v. Lyles, 576 So.2d 706 (Fla.1991):
We adhere to our statement of options available to a trial court when imposing a sentence that departs from the sentencing guidelines, as expressed in [Ree v. State, 565 So. 2d 1329 (Fla.1990) ], but we modify those options to allow the trial judge the leeway to reduce to writing, immediately after the hearing, the reasons orally stated to the defendant in open court. It is important that these written reasons are entered by the trial judge on the same date as the sentencing. These written reasons should, if at all possible, be filed on the same date; however, a filing on the next business day does not require a new sentencing proceeding.
Id. at 709 (footnote omitted). See also Blair v. State, 598 So.2d 1068 (Fla.1992); Smith v. State, 598 So.2d 1063 (Fla.1992); Williams v. State, 607 So.2d 478 (Fla. 1st DCA 1992).
In Blair v. State, 598 So.2d 1068 (Fla. 1992), the trial court announced its reason for departure at sentencing; however, the written order listing the reason was not prepared until after the hearing and was not filed until five days after the hearing. In reversing and remanding for imposition of a guidelines sentence, the court stated:
This was contrary to the requirements of our opinion in Ree v. State, 565 So.2d 1329 (Fla.1991), modified, State v. Lyles, 576 So.2d 706 (Fla.1991),....
Id. at 1068. As the court mandated in Blair, we reverse and remand this matter to the trial court for resentencing within the guidelines. See also Pope v. State, 561 So.2d 554 (Fla.1990).
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.

. See § 777.03, Fla.Stat. (1991).