W. SHARP, Judge.
Following remand by this court,[1] Kopko was resentenced on Count II for lewd assault on a child under age 16.[2] He had earlier been sentenced to life (with a 25 year minimum mandatory) on Count I for sexual battery on a child under age 12.[3] At resentenc-ing on Count II, the judge imposed a 15 year suspended sentence conditioned on the successful completion of 15 years of probation, consecutive to the life sentence. The trial judge said he intended to impose a departure sentence upward from the applicable sentencing guidelines brackets but he failed to file contemporaneous written reasons.
We have no alternative but to vacate the sentence appealed and remand for resentenc-ing pursuant to the guidelines. Fla. R.Crim.P. 3.701(d)(ll). Pope v. State, 561 So.2d 554 (Fla.1990); Wright v. State, 617 So.2d 837, 840-41 (Fla. 4th DCA 1993); see Rivero v. State, 592 So.2d 381 (Fla. 5th DCA 1992); Rodwell v. State, 588 So.2d 19 (Fla. 5th DCA 1991), review denied, 599 So.2d 657 (1992).
Sentence VACATED; REMANDED.
DIAMANTIS and THOMPSON, JJ., concur.

. Kopko v. State, 577 So.2d 956 (Fla. 5th DCA 1991), quashed, 596 So.2d 669 (Fla.1992).

. § 800.04, Fla.Stat. (Supp.1986).

.§ 794.011(2), Fla.Stat. (Supp.1986).