THOMPSON, Judge.
We affirm Pamela Y. Colbert’s convictions for murder in the first degree,[1] kidnapping,[2] and robbery,[3] without discussion. However, *235 because the judge imposed a consecutive life sentence as a departure sentence without filing contemporaneous written reasons, we vacate the sentence imposed for kidnapping and remand for resentencing.
Colbert was sentenced on 23 November 1992. The judge orally imposed a departure sentence for the offense of kidnapping. Colbert was sentenced to consecutive life imprisonment. During the sentencing, the trial judge orally pronounced departure reasons for his sentence, but the judge did not sign written reasons until 1 December 1992. They were not filed with the clerk of the court until 2 December 1992. The Florida Supreme Court, in Ree v. State, 565 So.2d 1329 (Fla.1990), held that upward departure sentences must be accompanied by contemporaneous written reasons. If the trial judge wants to impose a harsher sentence than allowed by the sentencing guidelines, the judge must strictly comply with the guideline departure provisions. See § 921.001(5)-(8), Fla.Stat. (1991); Fla.R.Crim.P. 3.701(d)(ll). In this case, the trial judge did not comply; he waited eight days to file his written reasons. This delay is reversible error. See Mock v. State, 625 So.2d 1335 (Fla. 5th DCA 1993) (citing State v. Lyles, 576 So.2d 706 (Fla.1991)); Williams v. State, 607 So.2d 478, 479 (Fla. 1st DCA 1992) (written reasons filed three days after sentencing is reversible error).
We vacate the sentence for kidnapping and remand for resentencing within the guidelines with no possibility of a departure. Frazier v. State, 633 So.2d 1206 (Fla. 5th DCA 1994) (citing Pope v. State, 561 So.2d 554 (Fla.1990)). The trial court must give Colbert credit for all time served as of the date of final resentencing. See Brown v. State, 584 So.2d 209 (Fla. 1st DCA 1991).
Convictions AFFIRMED; sentencing for kidnapping VACATED; REMANDED for resentencing.
GOSHORN, J., concurs.
HARRIS, C.J., concurs and concurs specially, with opinion in which GOSHORN, .J., concurs.

. § 782.04(l)(a), Fla.Stat. (1991).

. § 787.01(1), Fla.Stat. (1991).

.§ 812.13(2)(a), Fla.Stat. (1991).