ON MOTION FOR REHEARING

We find no merit in appellee’s argument on rehearing that the 1994 statutory and rule amendments found in section 921.0016, Florida Statutes, and Rule 3.702, Florida Rules of Criminal Procedure, apply to this case. Cohen’s crimes were committed prior to January 1, 1994; the amendments apply to offenses committed after that date.
As to the state’s request that we certify the same question certified in Colbert v. State, 646 So.2d 234 (Fla. 5th DCA 1994), review granted, — So.2d-, No. 85,047 (Fla. May 5, 1995), it does not appear that the reasoning that motivated the Colbert certification would also apply in this case. The distinction between the five business day delay in Colbert and the eight business day delay in this case is not material. To be consistent, therefore, we certify to the supreme court the question whether:
In light of the court’s recognition in Harris v. State, [645 So.2d 386 (Fla.1994)], that sentencing is not a game in which one wrong move by the judge means immunity for the prisoner, is it still per se reversible error where a trial court orally pronounces departure reasons at sentencing but does not reduce them to writing until eight business days later?
PETERSON, C.J., and THOMPSON, J., concur.