CAMPBELL, Acting Chief Judge.
Appellant challenges the departure sentence imposed on his convictions for attempted burglary of a dwelling and violation of a domestic injunction. The state concedes error, agreeing that a remand is required since no PSI was prepared and the departure reasons were not timely filed. The parties disagree, however, as to whether the court should again be allowed to depart. We agree with appellant that since the court failed to timely file its reasons for departure, it may not depart on resentencing. Owens v. State, 598 So.2d 64 (Fla.1992) [when a departure *861 sentence is reversed due to the trial court’s failure to provide contemporaneous reasons in accord with Bee v. State, 565 So.2d 1329 (Fla.1990), Pope v. State, 561 So.2d 554 (Fla.1990) applies and the trial court cannot depart from the guidelines on remand.]. See also Jones v. State, 602 So.2d 604 (Fla. 2d DCA 1992); Whitaker v. State, 597 So.2d 933 (Fla. 4th DCA 1992).
Accordingly, we reverse the departure sentence imposed and remand for resentencing within the guidelines.
PARKER and NORTHCUTT, JJ„ concur.