709 So.2d 159 (1998)
Martin KOPKO, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3348.
District Court of Appeal of Florida, Fifth District.
March 27, 1998.
*160 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Kopko brings a belated appeal from a sentence he received on August 12, 1994 for lewd assault on a child,[1] after this court remanded this cause to the trial court for resentencing. Kopko v. State, 638 So.2d 529 (Fla. 5th DCA 1994). Kopko was sentenced to one year in the county jail with credit for time served, consecutive to count I (a life sentence for sexual battery).[2] Initially, in 1989 he had been sentenced to 15 years on count II, concurrent to the life sentence in count I. Kopko argues this sentence violates the dictates of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We agree.
Kopko's sentence on count II has had a long, tortious history. After the initial sentence in 1989, and appeals to the Fifth District Court of Appeal as well as the Florida Supreme Court, the cause was remanded for resentencing on count II in 1992, because of errors made in the scoresheet. See State v. Kopko, 596 So.2d 669 (Fla.1992). Kopko was resentenced in 1993 to a 15 year suspended sentence conditioned on the successful completion of 15 years probation, to be served consecutive to the life sentence. This sentence was also reversed because it constituted a departure and no written reasons were filed. Kopko v. State, 638 So.2d 529 (Fla. 5th DCA 1994). After remand for resentencing the third time, Kopko received the sentence he is now belatedly appealing.
Although factually complex, it is clear that the sentence for count II under consideration in this proceeding is consecutive to the life sentence he initially received where in the first sentencing proceeding, the sentence for count II was concurrent to the life sentence. No other consecutive sentence for count II was ever upheld by the appellate court.
The state argues that Kopko did not preserve this issue, citing section 924.051, Florida Statutes (Supp.1996). However, this statute took effect on July 1, 1996, almost two years after the 1994 resentencing; thus it is not applicable. See Larson v. State, 700 So.2d 388 (Fla. 1st DCA 1997); Medberry v. *161 State, 699 So.2d 857, 858, n. 1 (Fla. 5th DCA 1997).
The state also argues that Kopko is barred from raising this sentencing error claim because he received a consecutive sentence on count II at the 1993 resentencing, and did not object to it at that time. That sentence, however, was quashed on other grounds. Kopko cannot be expected to preserve a sentencing error in 1993 that did not occur until 1994. See Middleton v. State, 689 So.2d 304 (Fla. 1st DCA 1997).
In North Carolina v. Pearce, the United States Supreme Court explained that the due process clause of the 14th Amendment requires that vindictiveness against a defendant for having successfully attacked his first conviction or sentence must play no part in the sentence he receives upon reconviction and resentencing. The defendant must be free from apprehension of "retaliatory motivation" on the part of the resentencing judge for having successfully pursued his appeal.
Thus, if the defendant receives a harsher sentence on remand, the rationale and reasons therefor must be based on objective information concerning identifiable conduct on the part of the defendant which occurred after the time of the original sentencing. And the rationale and reasons must affirmatively appear in the record. See Gilliam v. State, 582 So.2d 610 (Fla.1991). Courts have held that a change from concurrent to consecutive sentencing violates North Carolina v. Pearce. Gilliam (life sentence for sexual battery consecutive to death penalty for murder was more severe than concurrent life sentence imposed after first trial); Alfonso v. State, 561 So.2d 1207 (Fla. 3d DCA), rev. denied, 576 So.2d 284 (Fla.1990) (trial court's resentence of defendant changing 15 year concurrent sentences to consecutive sentences violated North Carolina v. Pearce). No such rationale or reasons appear in this record. Thus we have no choice but to vacate the sentence for count II and remand once again for resentencing.
Sentence VACATED; REMANDED for Resentencing.
GRIFFIN, C.J., concurs and concurs specially with opinion.
HARRIS, J., dissents with opinion.
GRIFFIN, Chief Judge, concurring specially.
I concur in the decision to vacate the sentence on Count II and remand, yet again, for resentencing. Mr. Kopko has raised multiple other claims collaterally attacking his conviction. This case, however, only involves a belated appeal of the sentencing issue. These other claims are not cognizable in this case. Mr. Kopko did file an appeal of the lower court's summary denial of his motion for post-conviction relief but this court sua sponte dismissed it as premature. As I understand this court's earlier rulings, Mr. Kopko can now seek review in this court of the lower court's refusal to hear his motion for post-conviction relief, which the lower court concluded was untimely. Kopko v. State, 692 So.2d 933 (Fla. 5th DCA 1997).
HARRIS, Judge, dissenting.
I respectfully dissent.
It may be that a sentence of 88 days in jail (the effective sentence) on the lewd assault on a child charge consecutive to the sentence of life in prison on the sexual battery count, since it replaced a concurrent fifteen year prison sentence, might be considered an enhanced sentence. But that does not end our inquiry.
Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), makes it clear that North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), does not prohibit an enlarged sentence after reversal; it only prohibits the vindictiveness of the sentencing judge. See Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991). In Alabama v. Smith, the United States Supreme Court explained:
Because the Pearce presumption "may operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct," [citation omitted] we have limited its application, like that of "other `judicially created means of effectuating the rights secured *162 by the [Constitution],' "to circumstances "where its `objectives are thought most efficaciously served,'" [Citations omitted]. Such circumstances are those in which there is a "reasonable likelihood," [citation omitted] that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.

490 U.S. at 799, 109 S.Ct. at 2205 (Emphasis added).
An effective sentence of 88 days in jail for a serious offense added to a life sentence does not, in my view, raise a reasonable likelihood of vindictiveness and Kopko has not met his burden of proving actual vindictiveness. I would affirm.
NOTES
[1] § 800.04, Fla. Stat. (Supp.1986).
[2] § 794.011(2), Fla. Stat. (Supp.1986).