GRIFFIN, C.J.
We have before us the appeal of the denial of appellant’s motion for post-conviction relief. The denial was based solely on the lower court’s conclusion that Mr. Kopko’s motion was time barred. We reverse.
This case has an unusual procedural history. Mr. Kopko was charged with and convicted of two offenses: sexual battery and lewd assault. In 1991, this court reversed the conviction and remanded for a new trial. A sentencing error was raised but was moot in light of our reversal of the conviction. Kopko v. State, 577 So.2d 956 (Fla. 5th DCA 1991). In 1992, the supreme court quashed our opinion. We accordingly remanded the case below to correct the sentencing error. After resen-tencing, Mr. Kopko again appealed and we again reversed the sentence. He was again resentenced and no appeal was taken.
On July 24, 1996, Mr. Kopko filed a fourteen-ground motion for post-conviction relief. The fourteenth ground sought a belated appeal of the most recent sentence. The other thirteen grounds were addressed to the trial and convictions. The lower court granted the belated appeal. Then, in light of the belated appeal of the sentence, this court dismissed the appeal of the other thirteen claims as premature until the belated appeal was decided and specified the dismissal was without prejudice. Then, once again, we reversed the sentence and again remanded for re-sentencing. Kopko v. State, 709 So.2d 159 (Fla. 5th DCA 1998). Consistent with the dismissal order and the court’s most recent opinion, Mr. Kopko again appealed the denial of the first thirteen grounds of his post-conviction motion.
We have invited a response from the state. The state suggests we lack jurisdiction to consider the appeal in light of our earlier dismissal without prejudice, but otherwise does not attempt to support the lower court’s ruling. Given the procedural history of this case and this court’s prior ruling that this appeal could not be heard until disposition of the sentencing appeal, we conclude that we have jurisdiction. On the merits, the lower court erred in concluding that Mr. Kopko’s opportunity to seek post-conviction relief had expired. See Rosier v. State, 655 So.2d 160 (Fla. 1st DCA), review denied, 663 So.2d 632 (Fla. 1995); Fla. R.Crim. P. 3.850(b).[1]
REVERSED and REMANDED.
W. SHARP and ANTOON, JJ., concur.

. Even if this were not so, it appears appellant might be entitled to file a belated 3.850 pursuant to Steele v. Kehoe, 724 So.2d 1192 (Fla. 5th DCA), review granted, 722 So.2d 194 *1084 (Fla.1998) in light of his claim that he relied on advice of counsel that the 3.850 motion could not be filed while the appeal process remained pending.